Leonard A. **BECKLEY** and Hugh Parry,
Appellants,

v.

Leonard E. **TEYSSIER**, Teyssier & Teyssier, Inc., a corporation, Appellees.

No. 19014.

United States Court of Appeals
Ninth Circuit.

May 27, 1964.

———◆———

Levy, DeRoy, Geffner, Koszdin & Glow, David L. Rosner, Los Angeles, Cal., for appellants.

Sheppard, Mullin, Richter & Hampton, David A. Maddux, Los Angeles, Cal., Gray, Cary, Ames & Frye, San Diego, Cal., for appellees.

Before JERTBERG, BROWNING and DUNIWAY, Circuit Judges.

JERTBERG, Circuit Judge.

■ The appellants (plaintiffs in the District Court), appeal from an order entered by the District Court pursuant to the provisions of Section 3 of the United States Arbitration Act [9 U.S.C. § 3],[1] staying a civil action instituted by the plaintiffs to collect from the defendants (appellees herein), allegedly unpaid overtime pay, liquidated damages and attorney fees pending the holding of arbitration proceedings under the terms and provisions of a Collective Bargaining Agreement.[2]

The complaint instituted by the plaintiffs was under the provisions of the Fair

1. § 3. Stay of proceedings where issue therein referable to arbitration

"If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

2. The order, although interlocutory, is appealable under 28 U.S.C. § 1292(1). Ross v. Twentieth Century-Fox Film Corporation, 236 F.2d 632 (9th Cir. 1956). See Donahue v. Susquehanna Collieries Co., 138 F.2d 3, 149 A.L.R. 271 (3rd Cir. 1943); cf., Alexander, et al. v. Pacific Maritime Association, et al., 332 F.2d 266 (9th Cir. 1964).

Labor Standards Act of 1938, as amended, [29 U.S.C. § 203 et seq]. It is alleged in the complaint that the plaintiffs were employed by the defendants as construction carpenters on a construction project whose situs was on San Clemente Island, off the coast of California; that they were employed on a forty hour weekly basis at the rate of $4.10 per hour plus certain subsistence payments, which was the established rate pursuant to a Collective Bargaining Agreement between the defendants and the United Brotherhood of Carpenters and Joiners of America, A.F. of L.-C.I.O.; and that they "performed certain overtime work for which no additional overtime compensation was paid" in violation of the provisions of the Fair Labor Standards Act.

The stay of the civil action was granted by the District Court on motion of the defendants, supported by affidavits and documents attached thereto.

It appears from the record that the basis of plaintiffs' claim for additional overtime compensation covers time spent by the plaintiffs in travelling to and from the barracks on San Clemente Island, where they were housed and fed, to the job site.

There is no dispute that at all pertinent times the plaintiffs were members of the United Brotherhood of Carpenters and Joiners of America, and that the defendants were members of the Southern California Chapter of the Associated General Contractors of America, and that both parties were bound by the terms and provisions of the Collective Bargaining Agreement made and entered into between the Southern California Chapter of the Associated General Contractors of America and the Union.

Article V of the Collective Bargaining Agreement, entitled "Procedure for Settlement of Grievances and Disputes" provides, in part:

"All grievances or disputes, other than jurisdictional disputes, arising out of the interpretation or application of any of the terms or conditions of this Agreement shall be submitted for determination and shall be determined by the procedure set forth in Article V, * * *."

This article further provides for the manner in which individual employees may submit grievances and the procedures for the resolution of such grievances, including provisions for their submission to an impartial arbitrator for final decision, if not otherwise resolved by the parties.

Article XIV entitled "Working Rules", provides in subsection "G":

"Employees shall travel to and from their work on their own time and by means of their own transportation."

Subsection "H" of Article XIV provides for the payment of subsistence and other working conditions to be provided for jobs on San Clemente Island. Appendix "C", Article XIV, deals more particularly with remote site work of the kind involved on San Clemente Island. Paragraph "F" thereof provides:

"Employees shall travel to and from their work on their own time and by means of their own transportation."

Other provisions of the Collective Bargaining Agreement provide for wage rates, working hours, overtime pay, and other matters.

The appellants contend that since they seek recovery under the provisions of the Fair Labor Standards Act and not under the Collective Bargaining Agreement, the district court erred in staying the civil action pending arbitration under the Collective Bargaining Agreement. Appellants support such contention by arguing that whether the time spent by them in travelling to and from the barracks to the job site constitutes hours worked under the Fair Labor Standards Act is a legal question which must be determined by the courts without reference to the provisions of the Collective Bargaining Agreement, and presents a question which cannot be determined by an arbitrator. Appellants cite no provision of the Fair Labor Standards Act which

precludes arbitration of claims arising under it. We have found none. As stated in Donahue v. Susquehanna Collieries, supra, 138 F.2d at page 6:

> "We may concede that Congress could have done so had it wished. It could have provided that any claim under the Act was to be enforced by lawsuit only, notwithstanding any agreement between parties for any other method of settlement. There is no such express language."

It is clear to us that the claims of appellants are ones growing out of the relation of employer and employee and necessarily involve the application and interpretation of the contract provisions above quoted, and therefore fall squarely within Article V of the Collective Bargaining Agreement. See Evans v. Hudson Coal Co., 165 F.2d 970 (3rd Cir. 1948). To sustain appellants' contention would be to emasculate the arbitration provisions contained in the Collective Bargaining Agreement.

The order appealed from is affirmed.