Antonio R. LEYVA et al., Plaintiffs-Appellants,

v.

CERTIFIED GROCERS OF CALIFORNIA, LTD., Defendant-Appellee.

No. 77–2116.

United States Court of Appeals, Ninth Circuit.

March 19, 1979.

Neil M. Herring (argued), of Finkel & Herring, Los Angeles, Cal., for plaintiffs-appellants.

Thomas S. Kerrigan (argued), of McLaughlin & Irvin, Los Angeles, Cal., for defendant-appellee.

Before SNEED and KENNEDY, Circuit Judges, and CALLISTER,* District Judge.

KENNEDY, Circuit Judge:

This is an appeal from the district court's order for a stay of the action "until arbitration has been had in accordance with the collective bargaining agreement." We have jurisdiction under 28 U.S.C. § 1292(a)(1). *See Beckley v. Teyssier,* 332 F.2d 495, 495 n. 2 (9th Cir. 1964).

The appellants are thirty-five delivery truck drivers employed by Certified Grocers of California Limited (Certified). They are members of the Wholesale Delivery Drivers & Salesmen's Local 848, an affiliate of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America. The Union and Certified were parties to a collective bargaining agreement in force during the period relevant to this dispute. The appellants filed suit against Certified, alleging Fair Labor Standards Act violations and breach of the collective bargaining agreement.

The action against Certified was begun in state court. The first count is based on the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.* The employees allege that Certified failed to pay time and one half for work in excess of forty hours per week, and they seek unpaid overtime wages for the three year period prior to the date of filing, liquidated damages in an equal amount, and attorneys' fees pursuant to 29 U.S.C. § 216(b). The second claim for relief, also based on failure to pay wages due, alleges that such failure was a violation of the collective bargaining agreement. Recovery is sought on this claim for a four year period prior to the date of the action. The action was removed by Certified to the United States District Court for the Central District of California. Both the claim under the FLSA and the claim based on a breach of the collective bargaining agreement present federal questions. 29 U.S.C. § 185.

The bargaining agreement to which the Union and Certified are parties is known as the Wholesale Delivery Drivers Agreement. Certified alleges that this master contract has been modified by an addendum known as the Long Haul Agreement. One of the issues in the case is whether or not the Long Haul Agreement is a proper modification of the principal contract, the employees contending that it has not been ratified by the Union membership. Appellants' contract claim under count II of the complaint is based solely on the overtime pay provisions of the principal contract, and not the addendum.

Both the Wholesale Drivers Delivery Agreement and the Long Haul Agreement provide for a multi-step grievance procedure culminating in binding arbitration to resolve disputes pertaining to the contract. In reliance on the arbitration provisions, the district court granted Certified's motion to stay both the FLSA and contract claims until after arbitration. The court acted pursuant to section 3 of the United States Arbitration Act, 9 U.S.C. § 3, which provides that suits raising issues referable to arbitration shall be stayed on application of

* Honorable Marion Jones Callister, United States District Judge for the District of Idaho, sitting by designation.

one of the parties. Appellants argue that the contract claim is not referable to arbitration and that even if it were the action should not be stayed in the circumstances of this case because of the Union's position on the claim. The appellants contend further that the FLSA claim is not referable to arbitration because it is a statutory action independent of the contract.

■ Appellants argue their contract claim is not referable to arbitration. The principal contention in this regard stems from the limited nature of the relief which the arbitrator is empowered to provide under the contract. The arbitration article of the principal agreement, incorporated by reference in the Long Haul Agreement, provides that: "Any claims for compensation shall be limited to a maximum of six months retroactivity from the date the claim is submitted to the employer in writing." Appellants seek broader relief under the contract by demanding back pay for four years, relief which they contend they are entitled to under state law.[1] That may or may not be the case, but the collective bargaining agreement binds them to arbitrate all issues arising out of the interpretation or application of the agreement. A limitation on the arbitrator's power is not a reason for bypassing arbitration where the claim is made upon the contract itself and is within the scope of the arbitration clause.[2]

■ The employees say the contract issue is not referable to arbitration because an arbitrator would lack power to dispose of various claims concerning the contract. They contend that the Long Haul addenda are void because their key provisions were not submitted to the Union membership for ratification and that the arbitrator would be without power to adjudicate the validity of the addenda.[3] Appellants apparently argue that arbitration of this issue is precluded since the agreement provides that the arbitrator "shall not have authority to change, alter, or modify any of the terms or provisions of this Agreement." The Supreme Court has made clear that in construing an exception to an arbitration clause, all matters will be deemed subject to arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582–83, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960) (footnote omitted). The fact that the arbitrator lacks the power to modify the agreement does not compel the conclusion that he also lacks the power to determine which provisions are in fact a part of the contract. A necessary first step in interpreting any contract is to determine exactly what language is controlling in the case. Absent a clear limitation on the arbitrator's authority, we decline to read the exception clause in this contract to limit the arbitrator's power in the manner suggested by appellants.

The case of *Prima Paint v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), is not to the contrary. There, in holding that a claim of fraud in the inducement of a contract is one generally referable to arbitration, the Supreme

---

1. Appellants claim that the California four-year statute of limitations applies and that the six-month limitation on recovery was intended to be merely a limitation on the power of the arbitrator to make awards rather than a limitation on any recovery for compensation under the contract.

2. In addition, as part of the FLSA claims, appellants have requested liquidated damages and attorneys' fees. The fact that appellants have joined the claim for relief based on the FLSA in no way affects whether the claims for relief on the contract are arbitrable. As a general rule, parties cannot avoid arbitration by combining nonarbitrable claims with ones that are proper subjects of arbitration.

3. Appellants also contend that the Long Haul addenda are void because they violate California Labor Code § 223 which provides:

   Where any . . . contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by . . . contract.

   However, if the arbitrator determines that the Long Haul addenda were a part of the contract it would follow that wages paid in accordance with a contract do not violate § 223.

Court also observed that a specific attack on the validity of the arbitration clause is not. That rule is inapplicable to prevent arbitration here because the appellants challenge only the validity of certain provisions of the contract, not the validity of the arbitration clause itself. Thus, we conclude that the trial court was correct in ruling that proceedings under count II of the complaint for recovery on the contract should be stayed pending arbitration, as provided by the collective bargaining agreement.[4]

We turn now to the objections the appellants make to the district court's order for a stay of proceedings on their claim for relief under the FLSA, alleged in count I of the complaint, pending arbitration of the claim pursuant to the collective bargaining agreement. We have determined that the FLSA claim is not subject to arbitration under the collective bargaining agreement and that the defendant was not entitled to a stay as a matter of right under the provisions of the Arbitration Act; we conclude further that the district court, nevertheless, has the authority to stay adjudication of the FLSA claim upon finding that certain express conditions, explained further below, pertain to the case.

At the outset we note that unless the parties have explicitly agreed to the contrary, it is a matter for the courts, not the arbitrator, to decide whether the parties have agreed to submit specific issues to arbitration. *John Wiley & Sons v. Livingston,* 376 U.S. 543, 546–47, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964); *see Gangemi v. General Electric Co.,* 532 F.2d 861, 865 (2d Cir. 1976). This rule derives from the fact that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to

submit." *Atkinson v. Sinclair Refining Co.,* 370 U.S. 238, 241, 82 S.Ct. 1318, 1320, 1321, 8 L.Ed.2d 462 (1962). "No obligation to arbitrate a labor dispute arises solely by operation of law. The law compels a party to submit his grievance to arbitration only if he has contracted to do so." *Gateway Coal Co. v. United Mine Workers of America,* 414 U.S. 368, 374, 94 S.Ct. 629, 635, 38 L.Ed.2d 583 (1974). Of course, in construing arbitration clauses we must remain cognizant of the strong policy favoring arbitration of labor disputes, *see United Steelworkers of America v. American Mfg. Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960), and of the general principle that "[d]oubts should be resolved in favor of coverage." *Warrior & Gulf, supra,* 363 U.S. at 582–83, 80 S.Ct. at 1353.

The principal collective bargaining agreement, (the Wholesale Delivery Drivers Agreement) provides for arbitration of a defined class of disputes. Specifically, the arbitration clause applies to "any controversy, dispute, or disagreement aris[ing] during the period of this Agreement, out of the interpretation or application of the provisions of this Agreement . . . ." Whether the Long Haul Agreement is a proper addendum to the Wholesale Delivery Drivers Agreement is a matter of dispute between the parties but, even assuming it to be applicable, the addendum too has an arbitration clause pertaining to "any disputes that may arise as to the application of this agreement and as to the modification of any runs established under this agreement."[5] Essential to our disposition of the

---

4. We discuss below the allegation of the appellants that the Union cannot in good faith arbitrate the dispute on their behalf.

5. Article XVII of the Wholesale Delivery Drivers Agreement provides:
   *Should any controversy, dispute, or disagreement arise during the period of this Agreement, out of the interpretation or application of the provisions of this Agreement there shall be no form of economic activity*

by either party against the other because of such controversy, dispute or disagreement, but the differences shall be adjusted as follows:

. . . . .

The decision of the arbitrator shall be final and binding upon the parties hereto provided that the arbitrator shall not have the authority to change, alter or modify any of the terms or provisions of this Agreement.

case is a determination whether or not the FLSA claims are within these arbitrations provisions. We conclude they are not because the arbitration provisions of both contracts are limited to disputes arising from the contracts themselves, and the FLSA claims are statutory rights existing independently of the contracts.

We acknowledge that our interpretation of the contract clauses in question is contrary to our interpretation of substantially similar language contained in the collective bargaining agreement at issue in *Beckley v. Teyssier, supra.* There we held that a FLSA claim was arbitrable under a collective bargaining agreement in which the arbitration clause was limited to "[a]ll grievances or disputes, other than jurisdictional disputes, arising out of the interpretation or application of any of the terms and conditions of this Agreement . . . ." 332 F.2d at 496. The reasoning of that opinion was that FLSA claims are "ones growing out of the relation[ship] of the employer and employee and necessarily involve the application and interpretation of the contract provisions." *Id.* at 497. We do not think *Beckley's* interpretation of the contract controls the instant case. One reason which justifies a departure from the *Beckley* approach in determining whether FLSA claims are arbitrable is that the agreement here contains additional provisions, apparently not present in the *Beckley* contract, which indicate that the parties themselves did not intend the arbitration procedures to apply to FLSA claims. The contract before us limits arbitration of compensation claims

to "a maximum of six months retroactivity from the date the claim was submitted to the employer in writing." Under the FLSA an action for wages may be commenced within two years after accrual of the cause or, in the case of a willful violation, within three years thereafter. 29 U.S.C. § 255(a). Also, the Act provides for liquidated damages, costs, and attorneys' fees, protections not expressly provided by the collective bargaining agreement.[6] These substantial differences in coverage between the contract arbitration provision and the FLSA are evidence that the parties did not intend to substitute arbitration procedures for enforcement of the statutory right.

■ A further reason for adopting our interpretation of the contract is to permit a construction of the arbitration clause that is consistent with direction given by the Supreme Court in *Iowa Beef Packers, Inc. v. Thompson,* 405 U.S. 228, 92 S.Ct. 859, 31 L.Ed.2d 165 (1972). In that case, the Supreme Court found a significant distinction between contract and statutory rights and relied on that distinction in dismissing the case where certiorari had been granted. The collective bargaining agreement in *Iowa Beef* provided for arbitrability of grievances "pertaining to a violation of the Agreement," language very similar to the arbitration clauses both here and in *Beckley.* The Court held that the question whether judicial enforcement of an FLSA claim could be stayed pending arbitration was not presented by the case because the arbitration clause was insufficient to cover

The relevant portions of the Long Haul Agreement state:

Subsequent to the execution of this agreement, an Employer shall become covered upon thirty (30) days' notice to the appropriate union, provided the conditions set forth in Paragraph 1 above are met. Any dispute concerning the application of the Employer's operations to the above conditions shall be subject to the grievance and arbitration procedure in the basic agreement.

.   .   .   .   .

An Operations Committee, consisting of two (2) members to be appointed by the Joint Council of Teamsters No. 42 and two (2) members to be appointed by the Food Employers Council, Inc., shall be established to

hear any disputes that may arise as to the application of this agreement and as to the modification of any runs established under this agreement. The parties shall, no later than one (1) week following the adoption of this agreement, name their appointees and alternates to the Committee and the Committee shall meet within one (1) calendar week upon the call of either party. Disputes unresolved by the Committee shall be referred to the grievance and arbitration procedures of the basic contract.

6. The Wholesale Agreement provides that all costs of arbitration will be split between the employer and the Union.

a statutory claim and so inapplicable in any event. The Supreme Court's construction of the arbitration agreement in *Iowa Beef* is consistent with its holdings in other cases which have emphasized the distinction between statutory and contract rights. *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *U. S. Bulk Carriers, Inc. v. Arguelles,* 400 U.S. 351, 91 S.Ct. 409, 27 L.Ed.2d 456 (1971); *see Lerwill v. Inflight Motion Pictures, Inc.,* 582 F.2d 507, 513 (9th Cir. 1978). We believe that despite the general rule that arbitration clauses should be broadly construed, *Iowa Beef,* when viewed in conjunction with these other cases, counsels that contracts which provide for arbitration of contract disputes should not be read to require arbitration of statutory claims absent express provision for such arbitration. Here, not only is there no express provision for arbitration of statutory claims, there is, as discussed above, a strong indication of contrary intent.

Because the FLSA claims here are not within the scope of the arbitration clause, it is unnecessary for us to address the substantive holding of the *Beckley* case that where an FLSA claim is arbitrable, a stay of judicial enforcement must be ordered pending resolution by the arbitrator. The Third Circuit is in accord with our rule in the *Beckley* case. *Evans v. Hudson Coal Co.,* 165 F.2d 970 (3rd Cir. 1948); *Watkins v. Hudson Coal Co.,* 151 F.2d 311 (3rd Cir. 1945), *cert. denied,* 327 U.S. 777, 66 S.Ct. 522, 90 L.Ed. 1005 (1946); *Donahue v. Susquehanna Collieries Co.,* 138 F.2d 3 (3rd Cir. 1943). *See also Satterwhite v. United Parcel Service, Inc.,* 496 F.2d 448 (10th Cir.), *cert. denied,* 419 U.S. 1079, 95 S.Ct. 668, 42 L.Ed.2d 674 (1974) (discussing the effect of voluntary submission to arbitration prior to judicial determination of the FLSA claims). The Court of Appeals for the District of Columbia, relying on the intervening cases of *U. S. Bulk Carriers, Inc. v. Arguelles, supra,* and *Alexander v. Gardner-Denver Co., supra,* has taken a contrary view. *Leone v. Mobil Oil Corp.,* 523 F.2d 1153 (D.C.Cir. 1975). Even upon the assumption that we are free to reexamine the substan-

tive holding of *Beckley* which does not turn on the interpretation of a particular contract without convening the court en banc, a proposition not free from doubt, our disposition of the case makes any such reexamination quite unnecessary.

Having determined that the Fair Labor Standards Act claim in count I of the complaint is not arbitrable, we rule that the defendant was not entitled to a stay pursuant to section 3 of the Arbitration Act, 9 U.S.C. § 3. We do find, however, that sound reasons may exist in the case to support the district court's determination to stay the action under the powers to control its own docket and to provide for the prompt and efficient determination of the cases pending before it.

Count II of the complaint, the action for wages due under the collective bargaining agreement, is an arbitrable dispute, for the reasons noted at the outset of this opinion, and the defendant was entitled to a stay of this part of the action pending its arbitration. In resolving this dispute, the arbitrator would no doubt make findings as to what contract documents are controlling, the hours and work pattern of the claimants, and the amount of wages paid to them. We think such matters are within the subjects committed to arbitration by the terms of the agreement. These findings, as well as the documents and testimony produced during the arbitration hearing, may be of valuable assistance to the court in resolving the Fair Labor Standards Act claims presented in count I of the complaint, even under the assumption that the court is not bound and controlled by the arbitrator's conclusions, a point we decline to address.

■ A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such

proceedings are necessarily controlling of the action before the court. *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952); *Landis v. North American Co.,* 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *Collins Radio Co. v. Ex-Cell-O Corp.,* 467 F.2d 995–1000 (8th Cir. 1972); *Merritt-Chapman & Scott Corp. v. Pennsylvania Turnpike Comm'n,* 387 F.2d 768, 773 (3d Cir. 1967); *Nederlandse Erts-Tankersmaatschappij v. Isbrandtsen Co.,* 339 F.2d 440 (2d Cir. 1964); *Chronicle Publ. Co. v. National Broadcasting Co.,* 294 F.2d 744 (9th Cir. 1961). In such cases the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it.

■ We remand this case to the district court so that it may have the opportunity to determine whether such circumstances are present here, and if so whether they justify continuance of the stay previously entered. In view of the urgent nature of the statutory right to minimum compensation provided by the Fair Labor Standards Act and the strong congressional policy favoring prompt payment of wages, *see Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 707 n. 20, 65 S.Ct. 895, 89 L.Ed. 1296 (1949), it is appropriate for the district court, if it does make express findings that a just and efficient determination of the case will be promoted by a stay, to consider conditioning any stay upon receipt of satisfactory assurances that the arbitration is proceeding with diligence and efficiency. A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court.

It would waste judicial resources and be burdensome upon the parties if the district court in a case such as this were mandated to permit discovery, and upon completion of pretrial proceedings, to take evidence and determine the merits of the case at the same time as the arbitrator is going through a substantially parallel process. We have little doubt the trial court was cognizant of these considerations in making its earlier ruling, but we remand so that it may have the opportunity to make its findings free from the constraints imposed by the not unlikely inference that under *Beckley v. Teyssier* we might have interpreted the contract to provide for arbitration of FLSA claims.

The appellants assert that the Union, which is not a party to these proceedings, cannot conduct the arbitration in good faith on behalf of the employees. An important issue at arbitration will be the scope of the collective bargaining agreement, specifically, whether it includes the Long Haul addendum. Appellants contend that since Union officials accepted the addendum, and apparently consider it to be part of the agreement, the Union has a conflict of interest and cannot fairly represent the employees' claims. This conflict of interest, the employees argue, relieves them of any duty to arbitrate. *See Hiller v. Liquor Salesmen's Union Local No. 2,* 338 F.2d 778 (2d Cir. 1964). In addition, appellants, in sworn answers to interrogatories, recite numerous occasions on which they have unsuccessfully requested the Union to prosecute their grievances concerning overtime pay. The employees assert that this alleged wrongful refusal to process grievances on the part of the Union relieves them of any contractual obligation to arbitrate. *See Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Seay v. McDonnell Douglas Corp.,* 427 F.2d 996, 1001–02 (9th Cir. 1970). This issue was raised below but the district court made no specific findings. We express no opinion on whether the plaintiffs have alleged sufficient grounds for questioning the capacity of the Union to process fairly the grievance, but we remand for the question to be explored by the district court.

The cause is remanded for further proceedings in the district court.