24 F.3d 246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Thomas A. HILL, Plaintiff-Appellant,
v.
Harry S. KOON, et al., Defendant-Appellees.
 No. 93-16628.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 17, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas A. Hill, a Nevada state prisoner, appeals pro se the district court's denial of his motion to lift the stay of his 42 U.S.C. Sec. 1983 action, which was administratively closed without prejudice pending an interlocutory appeal to this court. In addition, Hill contends that the district court erred by denying his September 11, 1992 "renewed" motion for summary judgment. We have jurisdiction under 28 U.S.C. Sec. 1291 to review the district court's stay of Hill's Sec. 1983 claim. See Sisk v. CSO Branch, 974 F.2d 116, 117 (9th Cir.1992) (an order staying a civil rights action is appealable under the collateral order exception to the final judgment rule). We reverse and remand to the district court.
 
 
 3
 We raise sua sponte the issue of our jurisdiction to review the district court's order denying Hill's "renewed" motion for summary judgment. See Abernathy v. Southern California Edison, 885 F.2d 525, 527 (9th Cir.1989). Pursuant to 28 U.S.C. Sec. 1291, we have jurisdiction over appeals from final orders of the district court. A district court order dismissing an action as to only some of the defendants is not a final order pursuant to Sec. 1291. Unioil, Inc. v. E.F. Hutton & Co., 809 F.2d 548, 554 (9th Cir.1986), cert. denied, 484 U.S. 822 (1987).
 
 
 4
 Here, the district court dismissed two of the three defendants Hill named in his complaint.[1] Because the order did not dismiss all the defendants, nor enter a judgment in compliance with Fed.R.Civ.P. 54(b), the order is not final and we therefore lack jurisdiction to consider Hill's appeal of the denial of his motion for summary judgment at this time. See 28 U.S.C. Sec. 1291; Fed.R.Civ.P. 54(b); Unioil, Inc., 809 F.2d at 554.
 
 Stay of Hill's Sec. 1983 claim
 
 5
 A stay of an action pursuant to the district court's inherent power to control its own docket is reviewed for an abuse of discretion. Mediterranean Enterprises, Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir.1983).
 
 
 6
 "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Id. (quoting Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863 (9th Cir.), cert. denied, 444 U.S. 827 (1979)). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court. Id. (quoting Leyva, 593 F.2d at 863-64).
 
 
 7
 Here, on September 11, 1991, the district court granted defendant Koon's motion for summary judgment as to all but Hall's last claim in his Sec. 1983 action, which alleged that Koon placed him in punitive segregation without due process of law.[2] Five days before the trial of this remaining claim, Hill filed an interlocutory notice of appeal with this court challenging the district court's September 11 order. In response to this notice of appeal, the district court vacated the trial date and ordered the case "administratively closed without prejudice to reopen by either party." On October 7, 1991 the district court issued an order staying Hill's action pending the appeal, instructing that the case would be reopened "upon appropriate application to the clerk of the court."
 
 
 8
 On March 17, 1992, this court dismissed Hill's interlocutory appeal for lack of jurisdiction. On September 11, 1992, Hill filed an "Application to Reopen Case," but the district court denied the motion without explanation nor instruction as to how he should proceed.
 
 
 9
 Because the outcome of Hill's interlocutory appeal could have affected the claims as well as the parties involved in his Sec. 1983 action, the district court's decision to vacate his trial date and stay his case pending the appeal was within its inherent power to control its docket. See Mediterranean Enterprises, Inc., 708 F.2d at 1465; Leyva, 593 F.2d at 863. However, after Hill's appeal was dismissed, Hill's due process claim against defendant Koon remained unresolved. Thus, the district court's denial of Hill's application to reopen his case at the conclusion of his interlocutory appeal without explanation, created an indefinite stay that went beyond the district court's original reason for the administrative action. The district court's decision to maintain the stay of Hill's action not only precluded a final resolution of the case, but was directly contrary to its own order which instructed that that stay was imposed "without prejudice" and could be reopened by either party "upon appropriate application to the clerk of the court."
 
 
 10
 Accordingly, the district court abused its discretion when it denied Hill's application to reopen his Sec. 1983 action at the conclusion of his interlocutory appeal. See Mediterranean Enterprises, Inc., 708 F.2d at 1465; Leyva, 593 F.2d at 863.
 
 
 11
 We therefore VACATE the district court's denial of Hill's application to reopen his Sec. 1983 action, and REMAND for further proceedings.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court dismissed defendants Warden Harol Whitley and Nevada Department of Prisons Director George Sumner. Only defendant Captain Harry Koon remains as the sole defendant in this action
 
 
 [2]
 The district court found that Hill failed to produce evidence to support his other claims that Koon violated his Eighth Amendment rights by improperly interfering with Hill's medical needs when he was suffering from a back condition