UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOHAMMED HUSSAIN,

    Plaintiff,

       v.

KATHLEEN LEWIS, et al.,

    Defendants.

Civil Action No. 11-570 (JDB)

## MEMORANDUM OPINION AND ORDER

Plaintiff Dr. Mohammed Hussain brings this action against defendants Kathleen Lewis and the District of Columbia Bar ("D.C. Bar defendants") and defendant Dawn Martin, his former attorney, asserting violations of the Due Process Clause of the Fifth Amendment of the United States Constitution. Plaintiff ultimately seeks to compel the District of Columbia Bar Attorney-Client Arbitration Board ("ACAB") to open his arbitration case involving defendant Martin. Before the Court are motions to dismiss from both the D.C. Bar defendants and defendant Martin. The D.C. Bar defendants have also moved to stay the case. For the reasons explained below, the Court will stay this case, and deny the motions to dismiss without prejudice.

I. Background

This case arises from a fee dispute between plaintiff and defendant Martin. After maintaining a working relationship for several years, plaintiff and defendant Martin had a disagreement regarding defendant Martin's fee. Compl. ¶ 11–12. This disagreement led to two separate actions regarding the amount of fees owed. On December 23, 2010 plaintiff filed an arbitration petition with the ACAB. Id. ¶ 13. On January 3, 2011, defendant Martin separately

1

filed suit in Maryland state court regarding the same fee dispute, among other claims. Id. ¶ 14.

When plaintiff's new attorney apprised the ACAB of the lawsuit pending in Maryland, the ACAB informed plaintiff that its policy was to suspend arbitration proceedings while there is a pending lawsuit on the same issue; accordingly, the arbitration proceeding would not be opened until the Maryland lawsuit was either dismissed or stayed. Compl. ¶¶ 18–20. Plaintiff then filed this action seeking to compel arbitration of his claims, as well as compensatory and punitive damages related to an alleged conspiracy to deprive him of the same. The D.C. Bar defendants have filed a motion to dismiss the case or stay the action pending arbitration. D.C. Bar Defs.' Am. Mot. Dismiss or Stay Pending Arbit. [Docket Entry 14]. Defendant Martin has filed a motion to dismiss or for summary judgment. Def. Dawn V. Martin's Mot. Dismiss, or Alt., for Summ. J. [Docket Entry 10].

II. Analysis

Plaintiff asks the Court to compel arbitration as a property right guaranteed under the Due Process Clause of the United States Constitution. See Pl.'s Opp'n to Def. Martin's Mot. to Dismiss at 3. But given the pending actions in other fora, this Court is unable to say whether plaintiff has actually been denied arbitration, the injury he alleges. He may well get to arbitrate the fee issue, depending on what transpires in the Maryland court and then with the ACAB. But at this point the most efficient approach is to stay this case in favor of the other two proceedings involving the fee dispute between Hussain and Martin. For this reason, the Court will stay this action until Dr. Hussain's arbitration petition is either denied or granted by the ACAB.

"A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere." Hisler v. Gallaudet Univ., 344 F. Supp. 2d 29,

35 (D.D.C. 2004) (citing Landis v. North Am. Co., 299 U.S. 248, 254 (1936)). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Air Line Pilots Ass'n v. Miller, 523 U.S. 866, 879 n.6 (1998) (quoting Landis, 299 U.S. at 254-55). "Indeed, '[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.'" Hisler, 344 F. Supp. 2d at 35 (quoting Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979)) (alteration in original); see also Barcardi & Co. Ltd. v. Empresa Cubana Exportadora De Alimentos & Productos Various, Inc., No. 04-519, 2007 WL 1541386 at *1 (D.D.C. May 24, 2007).

Defendant Martin claims that the issues surrounding arbitration have already been resolved in the Maryland Circuit Court. See generally Def. Martin's Notice of Decision in Related Maryland Case [Docket Entry 27]. However, the litigation regarding that case is ongoing. Appeals are pending on several motions. See id. at 3 n.3. In addition, plaintiff's petition for arbitration remains before the ACAB pending the outcome of the Maryland case. The ACAB states that it would be free to evaluate plaintiff's arbitration petition at the resolution of the fee dispute issues in the Maryland case and can determine at that juncture whether arbitration of any matter in Hussain's petition remains appropriate. See D.C. Bar Defs.' Mem. P. & A. in Reply to Opp'ns. to Am. Mot. to Dismiss at 4–6 [Docket Entry 24]. It is only at that time, when all pending matters have been resolved, that this Court can consider whether plaintiff has been improperly denied arbitration.

This Court finds no need to refer this issue to arbitration at this time, as the D.C. Bar

3

defendants have already conceded that they will review plaintiff's arbitration petition at the opportune time. See D.C. Bar Defs.' Am. Mot. Dismiss or Stay Pending Arbit. at 21–22 ("ACAB has now preliminarily decided that Dr. Hussain has stated a prima facie claim for arbitral jurisdiction, although a final determination of arbitrability must await . . . consideration . . . based on the full record."). Therefore, it is appropriate to stay this case until other proceedings regarding the fee dispute and its arbitrability have been resolved. See Roe v. Gray, 165 F. Supp. 2d 1164, 1173 (D. Colo. 2001) (choosing to stay litigation without compelling arbitration while another court was deciding the arbitrability of the dispute); Nederlandse Erts-Tankersmaatschappij, N.V. v. Isbrandtsen Co., 339 F.2d 440, 441 (2d Cir. 1964) (finding that a stay may be appropriate when there is a pending arbitration which involves claims at issue in the case); cf. 9 U.S.C. § 3 (noting that under the Federal Arbitration Act ("FAA"), a court should stay a proceeding when it is referable to arbitration); Sea Spray Holdings, Ltd. v. Pali Fin. Group, Inc., 269 F. Supp. 2d 356, 364 (S.D.N.Y. 2003) (staying litigation pursuant to the FAA while litigants pursued arbitration in another jurisdiction). This Court will stay this matter until such time that the ACAB has had the opportunity to either arbitrate plaintiff's claims or decide that arbitration is not proper.

III. Conclusion

Accordingly, it is hereby **ORDERED** that this action is **STAYED** pending the outcome of Dr. Hussain's arbitration petition before the District of Columbia Bar Attorney-Client Arbitration Board; and it is further

**ORDERED** that Defendant Lewis's and the D.C. Bar's Motion to Dismiss or to Stay Pending Arbitration [Docket Entry 8] is **DENIED** without prejudice; and it is further

4

**ORDERED** that Defendant Dawn V. Martin's Motion to Dismiss, or in the Alternative, for Summary Judgment [Docket Entry 10] is **DENIED** without prejudice; and it is further

**ORDERED** that Defendant Lewis's and the D.C. Bar's Amended Motion to Dismiss or to Stay Pending Arbitration [Docket Entry 14] is **DENIED** without prejudice.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: <u>March 23, 2012</u>