**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONTE D. WINFREY, SR., an individual, on behalf of himself and all similarly situated and aggrieved employees, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> KMART CORPORATION, AKA Sears Holding Corporation, <br><br> Defendant-Appellant. | No.    16-55184 <br><br> D.C. No. 5:15-cv-01873-VAP-SP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Submitted May 9, 2017[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: PREGERSON and FRIEDLAND, Circuit Judges, and LASNIK,[***] District Judge.

Defendant Kmart Corporation ("Kmart") appeals the district court's order denying Kmart's motion to stay plaintiff Donte D. Winfrey, Sr.'s representative claims under the California Labor Code Private Attorneys General Act of 2004 ("PAGA"). Kmart argues that the district court abused its discretion by declining to stay litigation of Mr. Winfrey's nonarbitrable representative PAGA claims pending the arbitration of Mr. Winfrey's underlying Labor Code claims pursuant to an arbitration agreement in Mr. Winfrey's personnel file.

Section 3 of the Federal Arbitration Act ("FAA") provides that a court "shall on application of one of the parties stay the trial" of "any suit or proceeding" brought "upon any issue referable to arbitration under [an arbitration] agreement . . . until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. A party is only "*entitled* to a stay pursuant to section 3" as to arbitrable claims or issues. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) (emphasis added). As to nonarbitrable claims and issues, however, the district court has discretion whether to stay the litigation pending arbitration. *Id*. at 863–64.

---

[***] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

2

In this case, the parties do not dispute that, under the terms of the arbitration agreement, if a court determines the PAGA waiver is unenforceable, Mr. Winfrey's representative PAGA claims "must be litigated in a civil court . . . and not as a private attorney general arbitration." Because the waiver of representative PAGA claims is unenforceable, *see generally Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425 (9th Cir. 2015); *Iskanian v. CLS Transp. L.A., LLC*, 327 P.3d 129 (Cal. 2014), those claims are nonarbitrable here, and it follows that Section 3 of the FAA does not require the district court to stay litigation of those claims while Mr. Winfrey's other claims are arbitrated.

Accordingly, the district court had discretion to decide whether "it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva*, 593 F.2d at 863. If there is "even a fair possibility" that a stay will "work damage" to another party, a stay may be inappropriate. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). The district court acted within its discretion in denying a stay of Mr. Winfrey's nonarbitrable PAGA action pending arbitration of Mr. Winfrey's Labor Code claims.

**AFFIRMED.**