NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NAGUI MANKARUSE, | No. 18-55930 |
| Plaintiff-Appellant, | D.C. No. 8:15-cv-01273-JVS-DFM |
| v. | |
| RAYTHEON COMPANY; DOES, 1-100, inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted February 4, 2020**

Before:    FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Nagui Mankaruse appeals pro se from the district court's summary judgment

in his diversity action alleging claims under California's Fair Employment and

Housing Act ("FEHA").  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo.  *Fuller v. Idaho Dep't of Corr.*, 865 F.3d 1154, 1161 (9th Cir. 2017).  We

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly granted summary judgment on Mankaruse's FEHA discrimination and retaliation claims because Mankaruse failed to establish a prima facie case. *See Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1130 (Cal. 2005) (elements of a prima facie case of retaliation under FEHA); *Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1113 (Cal. 2000) (elements of a prima facie case of discrimination under FEHA). Because Mankaruse did not establish a prima facie case for discrimination, the district court properly granted summary judgment on Mankaruse's failure to prevent discrimination claim. *See Featherstone v. S. Cal. Permanente Med. Grp.*, 217 Cal. Rptr. 3d 258, 272 (Ct. App. 2017) ("Where . . . a plaintiff cannot establish a claim for discrimination, the employer as a matter of law cannot be held responsible for failing to prevent same[.]").

The district court properly granted summary judgment on Mankaruse's interactive process claim because Mankaruse failed to establish a time when the interactive process should have occurred. *See Scotch v. Art Inst. of Cal.-Orange Cty., Inc.*, 93 Cal. Rptr. 3d 338, 365 (Ct. App. 2009) (elements of interactive process claim).

The district court did not abuse its discretion in granting a stay pending resolution of Mankaruse's state court proceedings involving similar allegations. *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979)

(standard of review and explaining that a district court may stay an action pending resolution of independent proceedings which bear upon the case).

The district court did not abuse its discretion by denying Mankaruse's motion to continue the trial date and extend the discovery deadline, because Mankaruse failed to demonstrate diligence or how additional discovery would have precluded summary judgment. *See Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002) (standard of review and discussing requirements to reopen discovery after motion for summary judgment is filed).

**AFFIRMED.**