Cara Leslie ALEXANDER, et al., Plaintiffs,

v.

FEDERAL BUREAU OF INVESTIGATION, et al., Defendants.

Nos. Civ. 96–2123 RCL, Civ. 97–1288 RCL.

United States District Court, District of Columbia.

April 21, 1999.

Larry Elliot Klayman, Judicial Watch, Inc., Washington, DC, for plaintiff.

James Jordan Gilligan, Elizabeth Jane Shapiro, Julia Fayngold, U.S. Department of Justice, Washington, DC, for defendant FBI and Executive Office of the President.

David Evan Kendall, Nicole Kay Seligman, Paul Benedict Gaffney, Williams & Connolly, Washington, DC, for defendant Hillary Rodham Clinton.

James Franklin Fitzpatrick, Michael R. Geske, Arnold & Porter, Washington, DC, Peter Z. Zimroth, Arnold & Porter, New York City, for defendant Bernard W. Nussbaum.

Randall James Turk, David S. Cohen, Miller, Cassidy, Larroca & Lewin, L.L.P., Washington, DC, for defendant Craig Livingstone.

Robert Weinberg, Bredhoff & Kaiser, P.L.L.C., Robert Muze, Stein, Mitchell & Mezines, Washington, D.C., for defendant Anthony Marceca.

Roger Campbell Spaeder, Zuckerman, Spaeder, Goldstein, Taylor & Kolker, L.L.P., Washington, D.C., for Non–Party Thomas F. McLarty, III.

## MEMORANDUM OPINION

LAMBERTH, District Judge.

On February 12, 1999, plaintiffs filed their Motion [620] to Compel Further Deposition Testimony and Further Production of Documents from Thomas F. McLarty, III and for Sanctions. On April 16, 1999, plaintiffs withdrew this motion because "[c]ounsel for McLarty has since indicated that they are willing to meet with [p]laintiffs' counsel to try to resolve the issues set forth in [p]laintiffs' motion." Plaintiffs' Notice of Withdrawal at 1. Therefore, Plaintiffs' Motion [620] to Compel Further Deposition Testimony and Further Production of Documents from Thomas F. McLarty, III and for Sanctions shall be considered withdrawn.

However, the court must note that plaintiffs' motion to compel is yet another example of plaintiffs' counsel's disregard of the local rules of this court, specifically Local Rule 108(m). Rule 108(m) of the Local Rules of the United States District Court for the District of Columbia states as follows:

(m) Duty of Counsel to Confer on Nondispositive Motions

Before filing any nondispositive motion in a civil action, counsel shall **discuss** the anticipated motion with opposing counsel, either in person or by telephone, in a **good-faith effort** to determine whether there is any opposition to the relief sought and, if there is opposition, to **narrow the areas of disagreement.** A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

Local Rule 108(m) (emphasis added). The uncontroverted facts pertaining to plaintiffs' earlier motion establish that plaintiffs' counsel did not met the requirements of this rule.

Plaintiffs' "Local Rule 108(m) Certificate of Counsel" appended to their motion to compel reads:

On February 12, 1999, the undersigned counsel conferred by telephone with Mrs. Clinton's counsel, Mr. Paul Gaffney, in regard to the present motion, and he indicated that they would oppose the relief sought by the Plaintiffs in this motion. Voicemail messages concerning the present motion were also left with Ms. Elizabeth Shapiro, EOP counsel, and Ms. Leslie Berger Kiernan, counsel for Mr. McLarty, but undersigned counsel has not received a response. If one is received, Plaintiffs will supplement this certificate.

Plaintiffs' Motion to Compel.

Non-party McLarty's opposition, however, tells the full story. According to the declaration filed by Kiernan, counsel for nonparty McLarty, a phone message was left on her voice mail on Friday, February 12, 1999, at 5:14 p.m. Kiernan Decl. ¶ 7. That message consisted of plaintiffs' counsel, Vincent Mulloy, asking Kiernan to call him "about a discovery motion or matter." Id. According to the Clerk's Office, Plaintiffs' motion to compel was date-stamped 7:03 p.m. of the same day, a mere one hour and forty-nine minutes after the phone message was left with non-party McLarty's counsel. Id.

On the penultimate page of their reply brief, plaintiffs' counsel, Larry Klayman and Vincent Mulloy, make two responses. First, they argue that McLarty's counsel was not "afforded an opportunity to confer with [p]laintiffs' counsel concerning [p]laintiffs' motion to compel, apparently because she had left the office early on the Friday the motion was filed, and observed the government holiday the following Monday." Plaintiffs' Reply at 12. Second, plaintiffs' counsel contends that McLarty's "objection appears superfluous and moot in light of the fact that McLarty filed an opposition to all issues in Plaintiffs' motion to compel." *Id.*

■ The court notes that plaintiffs' counsel have apparently misread (or never read) Local Rule 108(m). That rule unambiguously states that the movant "shall discuss the anticipated motion with opposing counsel ... in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement." Local Rule 108(m). The rule does not provide any exception that turns on whether opposing counsel was temporarily out of the office when it so happens that plaintiffs wish to file their motion. Moreover, Local Rule 108(m) would be meaningless if a party could, as plaintiffs' counsel argue, file any nondispositive motion they chose without meeting and conferring, and later argue that a Local Rule 108(m) argument is moot simply because the motion is later opposed. The entire purpose of the meet-and-confer rule is to force litigants to attempt to resolve, or a least narrow, the disputed issues to prevent the unnecessary waste of time and effort on any given motion. The purpose of the rule is not to simply determine whether the motion will be opposed.

■ In short, the court notes that leaving a vague message late on a Friday afternoon with opposing counsel and filing the motion less than two hours later—without ever meeting and conferring, and without any le-gitimate reason for expediency—does not meet the requirements of Local Rule 108(m). The court has been forced to remind plaintiffs counsel about Local Rule 108(m) compliance at least three times before in this lawsuit.[1] *Alexander v. FBI,* Civ. No. 96–2123, Memorandum and Order (D.D.C. July 27, 1998) (Plaintiffs' Motion to Further Modify February 13, 1998 Protective Order); *Alexander v. FBI,* Civ. No. 96–2123, Memorandum and Order (D.D.C. Mar. 31, 1999) (Plaintiffs' Motion to Compel Further Testimony of Larry Potts and to Impose Sanctions); *Alexander v. FBI,* Civ. No. 96–2123, Memorandum Order (D.D.C. Apr. 16, 1999) (Plaintiffs' Motion to Stay Upcoming Deposition of Steven Waudby and Notice). Plaintiffs counsel should take great care to ensure that Local Rule 108(m) does not become an issue again. There can be no substantial justification for filing a nondispositive motion in the manner described in this opinion or in any other way that clearly violates the local rules of this court. Nonetheless, because plaintiffs have withdrawn their motion before the court could rule upon it, the court has no occasion to address the appropriate consequences for filing such a motion.

The court does not intend to entertain a sanctions motion for the conduct described in this memorandum opinion or in previous similar opinions issued before this date. A sanctions motion may be proper, however, for future violations of Local Rule 108(m).

---

1. It should be noted that plaintiffs' motion to compel was filed before the court issued two of its three previous opinions on the topic of Local Rule 108(m). Nonetheless, plaintiffs were made aware of these same concerns before the filing of their motion to compel McLarty through the oppositions of the government and Larry Potts, in connection with plaintiffs' motion to compel Potts. Furthermore, plaintiffs' counsel's errors should have been clear from the text of Local Rule 108(m) without the need for any further explanation by the court.