NATIONAL SHOPMEN PENSION
FUND et al., Plaintiffs,

v.

FOLGER ADAM SECURITY,
INC., Defendant.

Civ.A. No. 2001–1808(RMU).

United States District Court,
District of Columbia.

Feb. 12, 2002.

Marc A. Tenenbaum, Slevin & Hart, P.C., Washington, DC, for plaintiffs.

David A. Wilson, Hale & Dorr, Washington, DC, for defendant.

## MEMORANDUM OPINION

URBINA, District Judge.

### GRANTING THE DEFENDANT'S MOTION TO STAY PROCEEDINGS

### I. INTRODUCTION

This case arises from a complaint filed by the National Shopmen's Pension Fund and its trustees ("the plaintiffs") alleging that Folger Adam Security, Inc. ("the defendant") assumed the pension fund withdrawal liabilities of three bankrupt companies when it purchased the assets of those companies. The defendant argues that the bankruptcy court order approving the sale of assets specifically states that the transfer of assets did not include the transfer of any liability owed to the plaintiffs by the debtors. Before filing this action, the

plaintiffs informed the defendant of the plaintiffs' claim that the defendant was liable for a withdrawal liability of $4,320,500.00 and then moved the bankruptcy court to reopen the bankruptcy proceedings for a determination of its actual liability to the plaintiffs. The defendant now moves this court to stay the instant proceedings pending resolution of the issues by the bankruptcy court. After consideration of the parties' submissions and the relevant law, this court grants the defendant's motion to stay proceedings.

## II. BACKGROUND

### A. Factual Background

By way of background, on February 8, 1996, the Folger Adam Company, the William Bayley Company, and Stewart–Decatur Security Systems, Inc. (collectively, "the debtors") filed petitions under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. § 101 *et seq.*) in the United States Bankruptcy Court for the District of Delaware. *See* Mem. of P. & A. in Supp. of Def.'s Mot. to Stay ("Def.'s Mem.") at 2. On the same day, the debtors filed a motion for a court order authorizing the sale of substantially all their assets to the defendant. *See id.* On March 8, 1996, the bankruptcy court issued an order approving the sale. *See generally* Def.'s Mem. Ex. A (Bankruptcy Court Order Granting Mot. to Approve the Sale). The parties consummated the sale on March 19, 1996. *See* Def.'s Mem. at 2.

The bankruptcy court order provided that the sale was "free and clear ... [of] any claims arising out of or in connection with any Employee Benefit Plan ... or 'multiemployer plan' (as defined in Section 4001(a)(3) of ERISA) whether due to termination, withdrawal, underfunding or otherwise ...." Def.'s Mem. Ex. A at 7. On August 11, 2000, the plaintiffs notified the defendant that it was responsible for a withdrawal liability in the amount of $4,320,500.00, arising from the withdrawal of the debtors from the fund. *See* Pl.'s Mem. of P. & A. in Opp'n to Def.'s Mot. to Stay at 3.

On June 4, 2001, the defendant notified the plaintiffs that it believed the bankruptcy court order barred the assessment of liability. *See id.* On August 6, 2001, the defendant filed a motion to reopen the bankruptcy court case and, on September 10, 2001, the bankruptcy court granted that motion. *See id.* at 3–4.

### B. Procedural Background

On August 24, 2001, after the defendant's motion to reopen the bankruptcy case, but before the bankruptcy court granted that motion, the plaintiffs filed their complaint with this court. On September 7, 2001, the defendant filed a motion to stay the instant proceedings pending resolution of the bankruptcy proceedings in the District of Delaware.[1]

On October 4, 2001, the Clerk of the Court entered default against the defendant. On November 5, 2001, the defendant moved the court to vacate the entry

---

1. This court notes that, before filing the instant motion, the defendant failed to meet and confer with the plaintiffs, in violation of Local Civil Rule 7.1(m). *See* LcvR 7.1(m) (stating that counsel is required to discuss any anticipated motion with counsel before filing such motion to narrow the areas of disagreement). Counsel for the defendant should take note that all parties are required to meet and confer before filing any non-dispositive motion in a civil action, and that repeated failure to do so may result in a denial of the motion at issue or sanctions. *See Alexander v. FBI*, 186 F.R.D. 197 (D.D.C.1999) (discussing a violation of Local Rule 108(m), the predecessor of Local Civil Rule 7.1(m), and stating that the entire purpose of the local rule is to force litigants to resolve or narrow disputed issues to prevent wastes of time and effort).

of default. This court granted the defendant's motion to vacate the entry of default on January 31, 2001. *See* Order dated January 31, 2001. As such, the only motion presently before the court is the defendant's motion to stay the proceedings pending before this court. For the reasons that follow, the court grants the defendant's motion to stay.

## III. ANALYSIS

### A. Legal Standard for Stay

 A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere. *See Landis v. North American Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller,* 523 U.S. 866, 879 n. 6, 118 S.Ct. 1761, 140 L.Ed.2d 1070 (1998) (quoting *Landis,* 299 U.S. at 254–55, 57 S.Ct. 163). Indeed, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.,* 593 F.2d 857, 863–64 (9th Cir.1979).

### B. The Court Grants the Defendant's Motion to Stay These Proceedings

 This court is aware that essentially the same issues in contention in this case are currently being litigated in the United States Bankruptcy Court for the District of Delaware. *See generally* Compl.; Def.'s Mem. Ex. B (Mot. of Folger Adam Security, Inc. for an Order Reopening Debtors' Cases, filed in the U.S. Bankruptcy Court for the Dist. of Del.). Litigating essentially the same issues in two separate forums is not in the interest of judicial economy or in the parties' best interests regarding time, cost, and effort. *See Air Line Pilots Ass'n,* 523 U.S. at 879 n. 6, 118 S.Ct. 1761.

With these principles in mind, the court must determine whether the plaintiffs' claims in the instant case are among those "claims arising out of or in connection with any Employee Benefit Plan ... or 'multiemployer plan' " for which the bankruptcy court's order states that the defendant will not be held liable. *See* Def.'s Mem. Ex. A at 7. Relying upon the authorities cited previously, the court concludes that the bankruptcy court itself can provide the best interpretation and enforcement of its own order. Thus, the court stays these proceedings until the bankruptcy court resolves this issue.

## IV. CONCLUSION

For all the foregoing reasons, the court grants the defendant's motion to stay these proceedings until the United States Bankruptcy Court for the District of Delaware resolves the issues related to the case pending before that court, and the parties inform this court of that resolution. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 11th day of February 2002.