INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 308, et al., Plaintiffs-Appellants,

v.

DAVE'S ELECTRIC SERVICE, INC., Defendant-Appellee.

No. 75–2545.

United States Court of Appeals, Fifth Circuit.

Jan. 24, 1977.

John J. Chamblee, Jr., Ronald G. Meyer, Richard H. Frank, Tampa, Fla., for plaintiffs-appellants.

Barry J. Rovins, New Port Richey, Fla., for defendant-appellee.

Before TUTTLE, CLARK and RONEY, Circuit Judges.

PER CURIAM:

When plaintiffs sought an accounting for contributions claimed due to the union's Health and Welfare Fund under the terms of a collective bargaining agreement, defendant secured an order from the district court staying the court proceedings pending arbitration. This appeal ensued from that stay order.

Defendant, Dave's Electric Service, Inc., has never appeared or responded to the appeal in this court. At oral argument

counsel for plaintiffs-appellants was directed to furnish this court the best current information which could be obtained as to the corporate status and business viability of the defendant. That report discloses that the records in the office of the Secretary of State of Florida show defendant's corporate status was dissolved pursuant to Florida Stat. § 607.357(6) for failure to file the prescribed annual report on or after January 1, 1976, and before July 1, 1976. It is furthermore disclosed that the whereabouts of the principals of record of said former corporation cannot presently be determined. On oral argument counsel for plaintiffs advised this court that the original counsel for defendant abandoned his representation of defendant and that substitute counsel for defendant has disappeared. Counsel further represented to the court that plaintiffs have received no notice of commencement of any arbitration proceedings and know of no effort by defendant to initiate such a procedure since the district court's stay order was entered on April 23, 1975, and this appeal was taken.

This cause is remanded to the district court with directions to reconsider its stay order in light of changed circumstances. The right of defendant to pursue arbitration would not be impaired by the plaintiff's appeal. Unless defendant produces satisfactory justification for the period of delay in the institution of arbitration and evidence that it is now capable of pursuing and intends to pursue such arbitration immediately and in good faith, the district court should dissolve its stay order, strike the defense of arbitration, and proceed with the adjudication of the merits of the claims presented by plaintiffs. If, on the other hand, the court should determine after such hearing that good faith efforts to pursue arbitration will be made by defendant and that its stay order should remain in effect, an order so providing should be entered.

Upon completion of the hearing and entry of either order directed hereby, the supplemental proceedings so had and done shall be certified to this court as a supplemental record in the present appeal. This court retains jurisdiction to complete the appellate process. However, such retention of jurisdiction shall not bar proceedings in the district court to adjudicate the merits of plaintiff's claims in the event it should determine to vacate its stay order.

REMANDED WITH DIRECTIONS.