C. William BURKE, John L. Connolly, Howard C. Dennis, Alexander Rados, William Schmidt, Jerald B. Laird, John C. Maxwell, Joseph H. Seymour, Richard L. Corbit, Harold Edwards, Donald E. Mier, William C. Waggoner, Richard Gannon and Alan Roberts, each in his respective capacity as Trustee of the Operating Engineers Health & Welfare Fund, John L. Connolly, C. V. Holder, Howard C. Dennis, John C. Maxwell, James J. Kirst, C. William Burke, Kenneth J. Bourguignon, Joseph H. Seymour, Richard L. Corbit, Harold Edwards, Donald E. Mier, William C. Waggoner, Richard Gannon and Jerry Trent, each in his respective capacity as Trustee of the Operating Engineers Pension Trust, Alexander Rados, William Schmidt, Howard C. Dennis, Robert R. Moodie, C. I. T. Johnson, Charles J. Rounds, Jr., Joseph H. Seymour, Richard L. Corbit, Donald E. Mier, Jerry Trent, Alan Roberts, and Harold Edwards, each in his respective capacity as Trustee of the Operating Engineers Journeyman and Apprentice Training Trust, Appellants,

v.

ADAMS AND ELLS OF ELLS, INC., a corporation, Appellee.

No. 77-2437.

United States Court of Appeals, Ninth Circuit.

Aug. 29, 1979.

Wayne Jett, Los Angeles, Cal., for appellants.

Before HUFSTEDLER and ANDERSON, Circuit Judges, and WEIGEL,* District Judge.

PER CURIAM.

This action was brought by the Trustees of two trusts created pursuant to § 302 of

---

* The Honorable Stanley A. Weigel, United States District Judge, Northern District of California, sitting by designation.

the Labor Management Relations Act, 29 U.S.C. § 186, to recover alleged deficiencies in fringe benefit contributions owed by defendant-appellee Adams and Ells, Inc. (the Employer). The contributions are required under the Master Survey Agreement (MSA) to which the Employer is a party. The trusts are jointly administered by representatives of management and labor. Neither the Trusts nor the Trustees are parties to the MSA. The union is not a party to the action.

The dispute between the Trustees and the Employer centers on whether contributions must be made for particular types of work. The parties agreed that resolution of their dispute is governed by the terms of the MSA, and the matter was submitted to the court for decision after the parties submitted a lengthy stipulation of facts and supporting memoranda.

The district court found that the dispute was subject to arbitration under the MSA and dismissed. The Trustees moved to vacate the judgment on the ground that under the MSA, arbitration was precluded when the Employer was delinquent in his contributions to the trusts. The Employer did not oppose the motion. The district court denied the motion on the ground that the condition precedent to the exclusion—the delinquency of the Employer—is a fact which should first be submitted to arbitration.

The Trustees appealed and filed a brief with this court. The Employer has not filed a brief with this court. The Trustees argue in their briefs that in compelling arbitration the district court erred for several reasons.

■ Some of the arguments pressed by the Trustees were not presented to the court below. This is understandable. The district court's decision was a surprise to both parties; neither side had averred that arbitration was a possible alternative to the instant action. Under these circumstances, the Trustees are not required to anticipate the district court's thinking before its decision was filed. Although the Trustees could have made these arguments in sup-

port of their motion to vacate the judgment, we shall not penalize their failure to do so inasmuch as the motion was a proper attempt to allow the trial court to correct its own errors. The active opposition of the Trustees to arbitration, coupled with the employer's failure to contest the Trustee's motion to vacate, is a valid implied waiver of arbitration. *See Martin Marietta Aluminum, Inc. v. General Electric Co.*, 586 F.2d 143, 146 (9th Cir. 1978). The proper resolution of the arbitration issue is thus "beyond any doubt" and within the power of this Court even though not explicitly raised below. *Singleton v. Wulff*, 428 U.S. 106, 121, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). Hence, we hold that the Trustees have not waived the arguments made for the first time on appeal; to hold otherwise would only discourage such motions and encourage unnecessary appeals.

■ The Trustees argue that they are not bound by the arbitration provisions of the MSA because they are not signatories to the MSA and that the Employer waived any right it had to compel arbitration by not raising this defense in the court below. We agree that under these facts, the district court erred in dismissing.

We are not presented with an instance where the Employer has requested arbitration, *e. g., Todd v. Casemakers, Inc.*, 425 F.Supp. 1375 (N.D.Ill.1977) (arbitration denied even though employer raised it as defense), or where a party-plaintiff is a signatory to the master agreement, *e. g., I. B. E. W., Local Union 308 v. Dave's Electric Service, Inc.*, 382 F.Supp. 427 (M.D.Fla.1974), *remanded in light of changed circumstances*, 545 F.2d 987 (5th Cir. 1977) (arbitration ordered where union signatory was a co-plaintiff). Accordingly, we do not decide whether the district court can never compel non-signatory trustees of an employee benefit fund to arbitrate an alleged deficiency in contributions required by the collective bargaining agreement.

Here, the Employer has never asserted that the Trustees must submit the dispute to arbitration under the terms of the MSA.

The defense was not raised in the Employer's Answer or its pre-trial Memorandum; the Employer has not, in this court or in response to the motion to vacate, supported the position adopted by the district judge. The parties have either assumed that the arbitration provisions are unenforceable against the Trustees in this action or intentionally waived the arbitration provision of the MSA, which they are free to do since arbitration is a matter of contract. *See Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857 (CA 9 1979). The district court erred in derailing the parties *sua sponte.*

Thus, we hold that the Trustees of employee benefit funds cannot be compelled to arbitrate a dispute in accordance with a collective bargaining agreement to which they are not signatories when the defendant-employer has never requested arbitration.

REVERSED and REMANDED.