FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMBER MACHOWSKI,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>333 N. PLACENTIA PROPERTY, LLC,<br>a California Limited Liability<br>Company; DOES, 1–10,<br>*Defendants-Appellees.* | No. 21-55673<br><br>D.C. No.<br>8:20-cv-01935-<br>DOC<br><br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted January 12, 2022
Pasadena, California

Filed July 1, 2022

Before: A. Wallace Tashima and Milan D. Smith, Jr.,
Circuit Judges, and Stephen Joseph Murphy III,*
District Judge.

---

* The Honorable Stephen Joseph Murphy III, United States District
Judge for the Eastern District of Michigan, sitting by designation.

Opinion by Judge Tashima;
Dissent by Judge Milan D. Smith, Jr.

### SUMMARY[**]

**Attorney's Fees**

The panel vacated the district court's award of attorney's fees to the plaintiff, following entry of default judgment in an action under the Americans with Disabilities Act, and remanded for further proceedings.

Central District of California Local Rule 55-3, governing the award of attorney's fees in cases of default judgment, provides that fees shall be calculated according to a fee schedule tied to the amount of the judgment, but it also states that a party "claiming a fee in excess of this schedule may file a written request at the time of entry of the default judgment to have the attorney's fee fixed by the Court." The panel held that where a prevailing party advises the district court that it is opting out of the fee schedule and will seek, by motion, an award of reasonable attorney's fees, the district court abuses its discretion by disregarding the plaintiff's choice and sua sponte awarding attorney's fees under the fee schedule.

Dissenting, Judge M. Smith wrote that appellant never made clear that she was seeking a fee award in excess of the Central District of California's fee schedule. He wrote that appellant failed to establish any grounds for relief on appeal

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

because she failed to show that the district court erred by not using the lodestar approach, and did not argue on appeal that the timing of the district court's ruling was improper.

## COUNSEL

Kyle Wilson (argued) and Anoush Hakimi, Law Office of Hakimi & Shahriari, Los Angeles, California, for Plaintiff-Appellant.

No appearance for Defendants-Appellees.

## OPINION

TASHIMA, Circuit Judge:

Four years after we decided *Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152 (9th Cir. 2018), we once again address the application of Central District of California Local Rule 55-3 ("Rule 55-3"), which governs the award of attorney's fees in cases of default judgment, to an award of reasonable attorney's fees under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12205. The rule provides that fees shall be calculated according to a fee schedule tied to the amount of the judgment, but it also states that a party "claiming a fee in excess of this schedule may file a written request at the time of entry of the default judgment to have the attorney's fee fixed by the Court." Rule 55-3. We hold that where, as here, a prevailing party advises the district court that it is opting out of the fee schedule and will seek, by motion, an award of reasonable attorney's fees, the district court abuses its discretion by disregarding the

plaintiff's choice and *sua sponte* awarding attorney's fees under the fee schedule.  Accordingly, we vacate the district court's fee award and remand for further proceedings.

## BACKGROUND

Machowski is an individual with a disability who uses a wheelchair for mobility.  Defendant 333 N. Placentia Property, LLC, is the owner of a property in Fullerton, California, on which a business establishment known as City Market Liquor II is located.  The first amended complaint ("FAC")  alleges that when Machowski attempted to patronize the store, she encountered architectural barriers that prevented her from making full use and enjoyment of the premises.  Machowski sued Defendant, asserting claims under the ADA, 42 U.S.C. § 12101 *et seq.*, and the Unruh Civil Rights Act, Cal. Civ. Code §§ 51–53.  The FAC sought injunctive relief, statutory damages under the Unruh Act, and reasonable attorney's fees and costs.

After Defendant failed to respond to the complaint, Machowski applied for the entry of default judgment, seeking injunctive relief and statutory damages.  Machowski's application for default judgment did not seek an award of attorney's fees.  Instead, it advised the district court that "plaintiff will separately file a motion for her attorney fees and costs once this application is granted and judgment has been entered."

The district court declined to exercise supplemental jurisdiction over Machowski's Unruh Act claim,[1] granted default judgment to Machowski on her ADA claim, ordered injunctive relief, and *sua sponte* awarded Machowski $1000 in attorney's fees under Rule 55-3. In full, Rule 55-3 states:

> **L.R. 55-3 Default Judgment—Schedule of Attorneys' Fees.** When a promissory note, contract or applicable statute provides for the recovery of reasonable attorneys' fees, those fees shall be calculated according to the following schedule:

| *Amount of Judgment* | *Attorneys' Fees Awards* |
|---|---|
| $0.01–$1,000 | 30% with a minimum of $250.00 |
| $1,000.01–$10,000 | $300 plus 10% of the amount over $1,000 |
| $10,000.01–$50,000 | $1200 plus 6% of the amount over $10,000 |
| $50,000.01–$100,000 | $3600 plus 4% of the amount over $50,000 |
| Over $100,000 | $5600 plus 2% of the amount over $100,000 |

---

[1] On appeal, Machowski does not challenge the district court's declination to exercise supplemental jurisdiction over the Unruh Act claim.

> This schedule shall be applied to the amount of the judgment exclusive of costs. An attorney claiming a fee in excess of this schedule may file a written request at the time of entry of the default judgment to have the attorney's fee fixed by the Court. The Court shall hear the request and render judgment for such fee as the Court may deem reasonable.

C.D. Cal. R. 55-3. The district court wrote: "Pursuant to Local Rule 55-3, attorneys' fees for a default judgment are determined pursuant to a fixed percentage schedule. C.D. Cal. L.R. 55-3. Pursuant to this rule, the Court grants $1,000 in fees."[2]

Machowski timely appealed the fee award.

**STANDARD OF REVIEW**

"We review for abuse of discretion a district court's award of attorney's fees under the ADA." *Vogel*, 893 F.3d at 1157. "But we review de novo questions of law that underlie a court's fee award." *Id.*

**DISCUSSION**

Machowski contends that the district court abused its discretion by awarding attorney's fees based on the fee

---

[2] Of course, awarding a fee of $1,000 for a judgment that awards $0.00 in monetary relief cannot, on the face of the rule, be "pursuant" to Rule 55-3. The rule, whose schedule starts with a judgment of $0.01, simply does not address cases in which the judgment awards only non-monetary, *e.g.*, injunctive, relief.

schedule of Rule 55-3 and by failing to award fees under the lodestar method.  We agree, but with a caveat.  While the ADA authorizes an award of attorney's fees to a prevailing plaintiff, *see* 42 U.S.C. § 12205, and those fees are to be determined in accordance with the lodestar method, *see Vogel*, 893 F.3d at 1158, calculation of the lodestar amount is the beginning – not the end – in determining "a reasonable attorney's fee."[3] *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("The product of reasonable hours times a reasonable rate does not end the inquiry.   There remain other considerations that may lead the district court to adjust the fee upward or downward . . . ."); *Roberts v. City of Honolulu*, 938 F.3d 1020, 1024 (9th Cir. 2019) ("After the lodestar figure is determined, a district court retains discretion to adjust the lodestar figure upward or downward based on a variety of factors 'not subsumed in the lodestar figure.'" (quoting *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016))).   Here, the district court cut short the procedure for determining a reasonable attorney's fee by *sua sponte* awarding fees, supposedly pursuant to Rule 55-3, without giving Plaintiff the opportunity to file a fee motion.

---

[3] The ADA states:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, *a reasonable attorney's fee*, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

42 U.S.C. § 12205 (emphasis added).

To obtain an award of fees under the lodestar method, a prevailing plaintiff must both file a motion for fees, *see* Fed. R. Civ. P. 54(d)(2)(A) ("A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."), and submit evidence supporting the award, *see United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1105 (9th Cir. 2015) (explaining that a fee "applicant has an initial burden of production, under which it must 'produce satisfactory evidence' establishing the reasonableness of the requested fee," including "proof of market rates in the relevant community . . . and detailed documentation of the hours worked" (citations omitted) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984))). Machowski did not undertake these steps because she was prevented from doing so by the district court. Accordingly, the district court abused its discretion by short circuiting Machowski from filing a fee motion, under the lodestar method or otherwise.

We thus agree with Machowski's contention that the district court abused its discretion by awarding fees under the fee schedule pursuant to Machowski's application for a default judgment. As we explained in *Vogel*, Local Rule 55-3 affords prevailing plaintiffs a choice. On the one hand, "the rule gives lawyers who obtain default judgments and who are entitled to statutory fees the option of recovering a set amount" – under the fee schedule – "without going through the hassle of submitting records." 893 F.3d at 1160. On the other hand, the rule also gives a prevailing party the option of seeking fees under the lodestar method:

> If a party seeks a fee "in excess of" the schedule and timely files a written request to

> have the fee fixed by the court, then the court must hear the request and award a "reasonable" fee. That process does not describe a "modification" of the schedule of fees. Rather, it prescribes an alternative process when a party invokes it in the proper way at the proper time. When a party invokes that process, the court is obliged to calculate a "reasonable" fee in the usual manner, without using the fee schedule as a starting point.

*Id.* at 1159. Here, Machowski made clear in her application for default judgment that she was pursuing the second option. At that point, it was incumbent upon the district court to honor Machowski's choice or explain why it was not doing so, and the court abused its discretion by *sua sponte* awarding fees under a fee schedule that Machowski had opted out of, even assuming that the schedule applies to a non-monetary judgment. Although the district court's actions may have been well-intentioned, they were, nonetheless, ill-advised, given the confusion they spawned and the right they cut off. If the court had stayed its hand, Machowski could have filed her fee motion in due course following the entry of default judgment, and the court would have afforded her the full relief to which she was entitled, avoiding this appeal. Because the district court abused its discretion, we vacate the fee award and remand for further proceedings.

We note also that further confusion is caused by Rule 55-3's ambiguous language. The rule states that a party "claiming a fee in excess of this schedule may file a written request *at the time of entry of the default judgment* to have the attorney's fee fixed by the Court." C.D. Cal. R. 55-3

(emphasis added). Putting aside that the rule does not address a non-monetary judgment, this language appears to require that a motion for attorney's fees must be filed immediately upon the entry of a default judgment. We note, however, that C.D. Cal. Rule 54-7 affords a prevailing party fourteen days following the entry of judgment within which to file a motion for attorney's fees. *See* Local Rule 54-7 ("Any motion . . . for attorneys' fees shall be filed and served within fourteen (14) days after the entry of judgment . . . unless otherwise ordered by the Court."). To repeat, Rule 54-7 applies to "[a]ny motion" for fees. To avoid an internal conflict between two different rules of the Central District, we construe Rule 54-7 to apply to motions for attorney's fees under Rule 55-3.[4] This is the most natural and sensible reading of the two rules. Moreover, this reading is supported by the rule of statutory construction that a specific provision controls the general. *Perez-Guzman v. Lynch*, 835 F.3d 1066, 1075 (9th Cir. 2016) ("When two statutes come into conflict, courts assume Congress intended specific provisions to prevail over more general ones . . . ." (citing *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 228–29 (1957))).[5] With respect to the time within which a fee motion

---

[4] This also appears to be the construction of the Central District's rules adopted by a number of its judges. *See, e.g.*, *Hull v. Little*, 2021 WL 5368690, at \*2 (C.D. Cal. Nov. 1, 2021); *Goulet v. Oculus Architecture Ltd.*, 2019 WL 7841926, at \*6 (C.D. Cal. Sept. 5, 2019) (allowing 21 days to file motion); *DisputeSuite.com, LLC v. Credit Umbrella Inc.*, 2016 WL 6662722, at \*7 (C.D. Cal. Apr. 25, 2016).

[5] Some federal statutes provide for a specific timeframe within which an attorney's fee motion must be filed. *See, e.g.*, 28 U.S.C. 2412(d)(1)(B) (providing that an EAJA fee motion shall be filed "within thirty days of final judgment"). Presumably, such a statutory provision would control over a local rule provision, but we are not confronted with such a statute in this case.

must be filed in a default judgment case, Rule 54-7's fourteen-day provision is the more specific rule, compared to Rule 55-3's ambiguous "at the time of entry of the default judgment" provision.

We are unpersuaded by our dissenting colleague's suggestion that Machowski forfeited her right to fees calculated under the lodestar method by failing to present the argument to the district court. We recognize that a party may forfeit her right to fees calculated under the lodestar method by failing to file a timely motion for such fees in the district court. *Vogel*, 893 F.3d at 1159 n.3. Here, however, Machowski expressly advised the district court that she was opting out of the fee schedule and would be filing a motion for attorney's fees following the entry of default judgment. The only reason Machowski failed to follow through on that plan was that the district court declined to honor her choice and *sua sponte* awarded fees under the fee schedule – actions that Machowski understandably construed as foreclosing her from pursuing fees under the lodestar method. These facts do not support a finding of forfeiture.

Nor do we fault Machowski for failing to file a motion for reconsideration before filing her appeal. First, it is doubtful whether, under the Central District's local rules, Machowski could have filed a motion for reconsideration.[6] Here, the

---

[6] The Central District's rule governing permissible grounds for reconsideration provides:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the

circumstances which might call for reconsideration do not appear to come under any of the clauses of the rule. Contrary to the dissent's assertion, Dissent at 21, the default fee award was made in response to Machowski's *application* for a default judgment. But we need not decide whether a motion for reconsideration could have been filed under Rule 7-18 because, even assuming that such a motion could have been filed, a motion for reconsideration is not a prerequisite to an appeal. *See SEC v. Mayhew*, 121 F.3d 44, 53–54 (2d Cir. 1997) ("Generally, a party disadvantaged by a district court's ruling is not required to move for reconsideration in the district court as a precondition to an appeal from the ruling."); *see also Williams v. New Castle Cnty.*, 970 F.2d 1260, 1266 (3d Cir. 1992) ("[W]e are not suggesting that Williams was required to make a motion for reconsideration as a jurisdictional prerequisite to the appeal.").

We also disagree with the dissent's suggestion, Dissent at 20–21, that our decision violates the party presentation principle. Machowski's opening brief identifies the issue presented as, "Did the district court abuse its discretion in

---

party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion. Absent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application.

C.D. Local Rule 7-18.

awarding attorneys' fees in a civil rights action based on the fee schedule of C.D. Cal. L.R. 55-3 rather than by using the lodestar method?" She argues that "the district court abused its discretion in limiting the award of attorney's fees . . . based on the fixed schedule of C.D. Cal. L.R. 55-3." That is the very question we have addressed and answered in the affirmative. True, our analysis may not perfectly track the arguments Machowski presents in her briefing. But "a court is not hidebound by the precise arguments of counsel." *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1581–82 (2020).

Finally, as in *Vogel*, we need not address whether an attorney's fee awarded under the Central District fee schedule constitutes "a reasonable attorney's fee" under the ADA. *See* 893 F.3d at 1159 n.3 ("We need not decide whether Local Rule 55-3 is consistent with the ADA and other civil rights statutes insofar as it authorizes a prescribed attorney's fee in cases in which a party does *not* ask for more than the scheduled amount."); *id.* at 1161.

· ● ·

We hold that the district court abused its discretion by *sua sponte* awarding attorney's fees under Local Rule 55-3's fee schedule after Machowski made clear that she was opting out of the fee schedule and would be filing a motion seeking a fee determined under the lodestar method. We therefore vacate the fee award and remand with instructions to afford

Machowski an opportunity to file a motion for reasonable attorney's fees. We, of course, express no view on the appropriate amount of a fee award.

**JUDGMENT VACATED AS TO THE FEE AWARD and CASE REMANDED.** No costs awarded on appeal.

M. SMITH, Circuit Judge, dissenting:

I respectfully dissent because Machowski has failed to identify on appeal any error by the district court. The majority overreads the record and improperly looks beyond any claim of error actually presented to us to reach a contrary conclusion.

Today's opinion holds that "where, as here, a prevailing party advises the district court that it is opting out of the fee schedule and will seek, by motion, an award of reasonable attorney's fees, the district court abuses its discretion by disregarding the plaintiff's choice and *sua sponte* awarding attorney's fees under the fee schedule." But, contrary to the majority's assertion, Machowski never "made clear" that she was seeking a fee award in excess of the Central District of California's fee schedule. As the majority acknowledges, our decision in *Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152 (9th Cir. 2018), does not require district courts to always award fees in excess of the Central District's fee schedule in ADA cases. Rather, we held that a reasonable fee

should be calculated via the lodestar method[1] when a litigant "invokes that process" via a request made "in the proper way at the proper time." *Id.* at 1159. Machowski never made such a request, so the district court did not err by not making a lodestar calculation. As I explain below, that is the only claim of error Machowski raises on appeal: she has never argued that the district court erred procedurally by *sua sponte* awarding fees before she could file a motion for fees, nor did she ask the district court to modify its fee award. In light of this unusual procedural posture, we are left with no grounds to grant relief on appeal.

## I.

I begin by addressing the only argument Machowski has actually raised on appeal. Machowski claims that the district court erred by awarding "fees in a civil rights action based on the fee schedule of [Rule] 55-3 rather than by using the lodestar method," because, in her view, *Vogel* requires use of "the lodestar approach." But that is not what we held in *Vogel*.

As the majority explains, Central District of California Local Rule 55-3 creates a fixed, percentage-based schedule for attorney's fees when a default judgment has been entered, but allows "[a]n attorney claiming a fee in excess of this schedule [to] file a written request at the time of entry of the default judgment to have the attorney's fee fixed by the Court." In *Vogel*, we vacated a fee award calculated pursuant

---

[1] The lodestar method multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *E.g.*, *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941–42 (9th Cir. 2011).

to this schedule in an ADA default judgment case, holding that the district court should have used the lodestar method. *See* 893 F.3d at 1159–60.  But we stopped short of holding that district courts in ADA cases must use the lodestar method and may not resort to the Central District's fixed fee schedule.

Instead, we interpreted Rule 55-3 to say that "[i]f a party *seeks* a fee 'in excess of' the schedule *and timely files a written request* to have the fee fixed by the court, then the court must hear the request and award a 'reasonable' fee." *Id.* at 1159 (quoting Rule 55-3) (emphasis added). We clarified that this "process does not describe a modification of the schedule of fees. Rather, it prescribes an alternative process when a party *invokes it in the proper way at the proper time*. When a party *invokes* that process, the court is obliged to calculate a reasonable fee in the usual manner, without using the fee schedule as a starting point." *Id.* (emphasis added).  As a result, Rule 55-3 merely "gives lawyers who obtain default judgments . . . the *option* of recovering a set amount" pursuant to a fee schedule instead of spending time on "submitting records" to establish a case-specific lodestar. *Id.* at 1160 (emphasis added).  These statements indicate that it is the *plaintiff's* responsibility, not the district court's, to request the lodestar approach to be used.[2]

---

[2] Only one judge on the *Vogel* panel believed that the ADA *mandated* use of the lodestar method.  *See Vogel*, 893 F.3d at 1161 (Christen, J., concurring) (opining that "the correct method for calculating fees in an ADA lawsuit ending in default judgment in the Central District of California should not hinge on whether a prevailing party opts out of the Central District's local fee schedule," and that there is "no room for the district court to adhere to" Rule 55-3 in ADA cases).  Another judge dissented based on his view that whether the lodestar method should be used instead of the fee schedule is a matter within the district court's

Machowski did not discharge that responsibility here. The majority claims that Machowski "made clear in her application for default judgment" that she was seeking a fee in excess of the Central District's schedule.   But all Machowski said in her application was that she "will separately file a motion for attorney fees and costs once [her] application is granted and judgment has been entered."  She never actually filed such a request, nor did she indicate in her default-judgment application that she believed she was entitled to a fee in excess of what she would receive pursuant to the Central District's schedule. *See* C.D. Cal. L.R. 55-3 (allowing "[a]n attorney claiming a fee in excess of this schedule [to] file a written request at the time of entry of the default judgment to have the attorney's fee fixed by the Court"); *Vogel*, 893 F.3d at 1159; *see also* Fed. R. Civ. P. 54(d)(2)(A) ("A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.").

Moreover, Machowski's bare, prospective statement of intent to file a motion for fees cannot be construed as a request to use the lodestar method because it was utterly lacking in the information necessary for the district court to make the appropriate calculations.  Determining a lodestar is no small task.  To establish the reasonable rate and reasonable hours that underly the calculation, a fee applicant must present "proof of market rates in the relevant community (often in the form of affidavits from practitioners) and detailed documentation of the hours worked." *United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1105 (9th Cir.

discretion. *See id.* at 1161–62 (Kleinfeld, J., dissenting).  Our court's opinion occupied a middle ground between these views.

2015) (citations omitted). The applicant's burden of producing this evidence "is not excused by lack of opposition" to the requested award. *Id.* In *Vogel*, for example, the appellant's motion for default judgment specifically requested $36,671.25 in attorney's fees and provided a seven-page supporting declaration itemizing the work the appellant's lawyer had performed. 893 F.3d at 1156.

Conversely, Machowski did not move for fees beyond the Central District's schedule, did not request any specific amount, and did not provide any materials that would have allowed the district court to make a calculation that deviated from the fee schedule.[3] As a result, the district court had no basis for awarding fees based on a lodestar calculation rather than relying on the Central District's fee schedule. Put simply, Machowski never filed anything that could properly be construed as a "timely written request" to invoke an "alternative process" to the fee schedule. *Vogel*, 893 F.3d at 1159 (explaining that request must be filed "in the proper way at the proper time"). Consequently, I fail to see how the district court erred by failing to do something it was not requested or able to do.

---

[3] Even on appeal, Machowski has made no meaningful effort to show that her lawyer performed work that would justify a fee greater than that awarded by the district court pursuant to the fee schedule. Machowski has therefore failed to show that she was prejudiced by the district court's actions. To the contrary, as the majority notes, the district court awarded $1,000 in fees even though Machowski recovered $0.00 in monetary damages.

## II.

To be clear, *Vogel* is not necessarily our final word on the interaction between Rule 55-3 and the ADA.  Formally, we declined to consider whether "Local Rule 55-3 is consistent with the ADA . . . insofar as it authorizes a prescribed attorney's fee in cases in which a party does *not* ask for more than the scheduled amount."  *Vogel*, 893 F.3d at 1159 n.3.  In the same breath, however, we said that "it is difficult to see how that issue could ever be presented properly on appeal—any party in a position to complain would necessarily have failed to ask for more than the scheduled amount, thus waiving or forfeiting such a request."  *Id.*  That is precisely what happened here.

The majority's contrary holding is premised on the view that "the district court cut short the procedure for determining a reasonable attorney's fee by *sua sponte* awarding fees, supposedly pursuant to Rule 55-3, without giving Plaintiff the opportunity to file a fee motion."  But Machowski never argued that the district court erred by making a *sua sponte* fee award before she could file a fee motion; the only claim of error she raised on appeal was that the district court erred by awarding "fees in a civil rights action based on the fee schedule of C.D. [Rule] 55-3 rather than by using the lodestar method[.]"  As discussed, this argument centered on the view that *Vogel* required use of "the lodestar approach" in all circumstances.  Machowski's counsel repeated this view at oral argument, asserting that "the lodestar method is the presumptively reasonable approach to determining an appropriate award of fees."  He also made plain that he thought the district court was required to use that approach "in the first instance," even though he admitted that Machowski had never requested a lodestar calculation.  "The

issue comes down to the fact that Rule 55-3 effectively reverses the presumption" that the lodestar method should be used, counsel replied when asked directly whether his client had failed to seek attorney's fees in excess of the schedule.

So, while I understand to some degree the majority's instinct to fault the district court for ruling prematurely, that is not a proper basis for extending relief in this appeal. The Supreme Court has made clear that, "[i]n our adversarial system of adjudication, we follow the principle of party presentation. . . . [I]n the first instance and on appeal, we rely on the parties to frame the issues for decision[.] . . . [O]ur system is designed around the rule that parties represented by competent counsel know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (cleaned up). The majority's admission that its decision does "not perfectly track the arguments" presented by Machowski, is quite the understatement: the salient fact is that Machowski has never argued on appeal or otherwise that the district court made a procedural mistake by determining the appropriate fee award *sua sponte* in the absence of a pending fee motion. Far from just considering slightly different arguments than those presented in Machowski's brief, the majority has manufactured an entirely distinct legal basis for revisiting the district court's ruling. Because Machowksi never raised the line of argument relied upon by the majority, she has forfeited it on appeal. *See, e.g.*, *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003); *cf. Vogel*, 893 F.3d at 1159 n.3. My colleagues wander astray today by "sally[ing] forth . . . looking for wrongs to right" rather than "decid[ing] only

questions presented by the parties." *Sineneng-Smith*, 140 S. Ct. at 1579 (citation omitted).

Additionally, the majority is wrong to suggest that the district court "cut off" any opportunity for Machowski to seek a higher fee. Machowski never objected to or sought to modify the district court's fee award before filing an appeal. *See, e.g.*, Fed. R. Civ. P. 59(e) (allowing motion to alter or amend judgment); Fed. R. Civ. P. 60 (allowing motion for relief from judgment or order); *cf. Burke v. Adams & Ells of Ells, Inc.*, 603 F.2d 114, 115 (9th Cir. 1979) (per curiam) (suggesting that a "motion to vacate the judgment . . . [is] a proper attempt to allow the trial court to correct its own errors"). The majority says it is "doubtful" that Machowski had the right to ask the district court to reconsider its fees award in light of the Central District's rules governing reconsideration motions, but the rule cited by the majority restricts only requests to reconsider orders "on any motion or application." C.D. Cal. L.R. 7-18. Again, though she did file an application for default judgment, Machowski never filed an application for *attorney's fees*, so a strong case can be made that this rule would not apply to her. Even if the rule did apply, it allows reconsideration when there has been a manifest failure by the court to "consider material facts presented to the Court." C.D. Cal. L.R. 7-18(c). The majority's entire argument is premised on the view that Machowski's statement that she intended to seek fees was a material fact that the district court failed to consider.

Put simply, Machowski has already been awarded attorney's fees. She may think that the award should have been higher, but, as I have explained, she failed to translate

this desire into a request in the district court.[4]  I see no reason to give Machowski another bite at the apple under these circumstances.

## III.

One final observation is in order.  At oral argument, counsel objected that it would consume "judicial resources" and create "inefficiencies" to require litigants to file a written request to avail themselves of the lodestar approach.  The plaintiff should not have to go through all of this "work," we were told in effect.  However, as I have explained, the district court has no way of making a lodestar calculation in the absence of such a request.

Indeed, it may often be more "efficient" for the plaintiff to forgo that calculation in favor of the much simpler fixed-fee approach, and to devote the saved time and resources elsewhere.  *See Vogel*, 893 F.3d at 1160 (Rule 55-3's fixed schedule lets lawyers recover a "set amount without going through the hassle of submitting records").  Arguably, this is likely to be the case for the large subset of ADA lawsuits that are brought against small businesses with form complaints, often with the hope of seeking a quick settlement or default judgment.  *See, e.g.*, *Molski v. Mandarin Touch Restaurant*, 347 F. Supp. 2d 860, 863 (C.D. Cal. 2004) (describing a "cottage industry" of ADA litigation whereby "a lawsuit is

---

[4] For this reason, the majority's observation that a motion for reconsideration is ordinarily not a prerequisite to appeal misses the mark. The point is that Machowski never filed any document—however styled—notifying the district court that she intended to deviate from the Central District's fee schedule or that would have allowed the district court to conduct the necessary calculation.

filed, requesting damage awards [for supplemental state-law claims] that would put many of the targeted establishments out of business.  Faced with the specter of costly litigation and a potentially fatal judgment against them, most businesses quickly settle the matter."); *Steven Brother v. Tiger Partner, LLC*, 331 F. Supp. 2d 1368, 1375 (M.D. Fla. 2004) (describing ADA "shotgun litigation," where "the same plaintiffs file hundreds of lawsuits against establishments," brought for the purpose of seeking "attorney's fees"); *see also* Phoebe Joseph, Note, *An Argument for Sanctions Against Serial ADA Plaintiffs*, 29 U. Fla. J.L. & Pub. Pol'y 193, 197 (2019) (describing "[s]erial ADA litigation" and "cookie-cutter lawsuits" with "similar or even identical complaints" (citations omitted)).  In such cases, the attorney may not always expect to engage in protracted or complex litigation giving rise to a large lodestar.

Moreover, there is nothing efficient about the circuitous approach Machowski has taken here.  Surely, this matter could have been resolved in the district court without our involvement.  A great deal of our court's time and resources would have been saved had Machowski simply brought *Vogel* to the attention of the district court in an appropriate motion and clearly asked for a lodestar calculation.  Machowski never gave the district court a chance to revisit its fee award, and she does not argue that the district court made a procedural error.  The majority's decision to excuse these failures will only encourage more wasteful appeals.

## IV.

A case can be made that the district court jumped the gun here, ruling on the attorney's fees issue before a motion was properly before it.  But Machowski has failed to show that the

district court erred by not using the lodestar approach, and she does not argue on appeal that the timing of the district court's ruling was improper. Consequently, she has failed to establish any grounds for relief on appeal. I respectfully dissent.