# ENTRY ORDER

2020 VT 27

SUPREME COURT DOCKET NO. 2019-373

FEBRUARY TERM, 2020

| | |
|---|---|
| Vermont Federation of Sportsmen's Clubs et al. | } APPEALED FROM: |
| | } |
| | } |
| v. | } Superior Court, Washington Unit, |
| | } Civil Division |
| | } |
| Matthew Birmingham et al. | } DOCKET NO. 224-4-18 Wncv |

Trial Judge: Mary Miles Teachout

In the above-entitled cause, the Clerk will enter:

¶ 1. In this interlocutory appeal, we review the trial court's order denying a stay. Plaintiffs brought this case to challenge the constitutionality of a state statute banning large-capacity magazines—the same issue presented in a separate criminal appeal currently pending before this Court. Defendants moved to stay the trial court proceedings in this case until this Court resolves the appeal in the separate criminal case, and the trial court denied defendants' motion. We affirm.

¶ 2. The challenged statute prohibits the possession, transfer, sale, or purchase of "large capacity ammunition feeding devices," defined as magazines, belts, or similar devices that can accept more than ten rounds of ammunition for a long gun, or more than fifteen rounds of ammunition for a hand gun. 13 V.S.A. § 4021 (a), (e). In their complaint, plaintiffs challenge this statute under Chapter I, Article 16 of the Vermont Constitution, which states in part "[t]hat the people have a right to bear arms for the defence of themselves and the State."

¶ 3. Plaintiffs include two nonprofit organizations that promote hunting and competitive shooting, a business that sells firearms and related products, and two individuals. Defendants include the Director of the Vermont State Police, the Attorney General of Vermont, and several county state's attorneys.

¶ 4. Defendants filed a motion to dismiss, and plaintiffs filed a motion for summary judgment, both arguing that they were entitled to judgment as a matter of law. The trial court denied both motions, stating, "Both parties would have the court rule on their arguments without a factual record meaningfully tested by the adversarial process. The court declines to do so. A factual record developed by the adversarial method will provide a firm foundation for resolution of the important legal issue presented by this case."

¶ 5. Before discovery was complete in this case, this Court accepted an appeal in State v. Misch, docket no. 2019-266, reporting for review the question of whether 13 V.S.A. § 4021 was unconstitutional under Article 16. The parties in this case filed a joint motion for appeal on report of the same question, arguing that "it is appropriate to report this action to the Supreme Court now to allow it to take advantage of the unique perspective and robust briefing that will be presented by the parties in this case." At the same time and in the alternative, defendants moved to stay further proceedings in this case pending resolution of the appeal in Misch. Defendants argued that, because the cases present identical legal issues, it is unnecessary for the parties and the court to expend significant resources conducting discovery and potentially a trial in this case. Plaintiffs opposed the motion to stay, arguing that the stay should only be granted if the court granted the joint motion for appeal.

¶ 6. The court denied both the joint motion for appeal on report of the constitutional issue and defendants' motion for stay.[1] In its denial of the joint motion for appeal, the court wrote:

> The result of certifying the requested question would be that the Supreme Court would be asked to decide a major issue under the Vermont Constitution with no factual basis as it relates to the interests of the parties in this case. The Bennington case [Misch] has its own separate factual context, which is quite different than that reflected in the pleadings in this case. In this case the facts are not yet sufficiently developed for purposes of analyzing a constitutional issue, and certifying a simple conceptual question would be to deprive the Supreme Court of a factual basis on which to base a decision in this case.

The court issued a separate entry regarding the motion for stay, which does not include any separate explanation.

¶ 7. Defendants moved to reconsider the court's denial of their motion to stay, and in the alternative moved to appeal that order. See V.R.A.P. 5.1(b)(2). The trial court reconsidered and again denied the motion to stay. It referred to its reasoning regarding the joint motion for appeal on report, and stated that "a stay of the case would delay the development of the factual record that would be needed as a basis for a legal decision." We accepted defendants' collateral final-order appeal to determine whether defendant's motion to stay was properly denied.[2]

_____

[1] At oral argument, plaintiff suggested that we should remand for reconsideration of the parties' joint motion for interlocutory appeal. The decision on the joint motion for interlocutory appeal on report was not challenged by either party. We therefore decline to address it.

[2] The trial court initially denied as untimely defendants' motion to appeal as a collateral final order the court's denial of a stay. On appeal of that ruling, this Court concluded that the motion for collateral final-order review was in fact timely, and remanded for the trial court to consider the merits of the motion. On remand, the trial court granted defendants' motion for collateral final-order appeal pursuant to Vermont Rule of Appellate Procedure 5.1.

¶ 8.     "A stay in this context is a suspension of proceedings until a specified event occurs in another case.  It is in the nature of a continuance." In re Woodstock Cmty. Trust, 2012 VT 87, ¶ 36, 192 Vt. 474, 60 A.3d 686 (quotation and citation omitted).  We review the trial court's denial of such a motion to stay for abuse of discretion and will overturn it "only if the discretion is exercised on grounds clearly untenable, or to an extent clearly unreasonable." Id. ¶ 36 (quotation omitted).  In this case, the court's initial decision on the motion for stay contained no explanation of the grounds for its decision.  However, it remedied this lack of explanation when it reconsidered and again denied the motion for stay.

¶ 9.     The trial court's rationale for denying the stay was that factual development was needed for its resolution of this case and should not be delayed.  That reasoning was consistent with its decisions on the motion to dismiss, the motion for summary judgment, and the joint motion for appeal.  We cannot conclude that the trial court's decision was an abuse of discretion.

¶ 10.    Where there is a possibility that a stay will damage someone else, the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." Woodstock Cmty. Trust, 2012 VT 87, ¶ 36 (quoting Landis v. N. American Co., 299 U.S. 248, 254-55 (1936)).  The trial court must weigh the parties' competing interests with this standard in mind.

¶ 11.    In this case, defendants put forward sufficient evidence to support a stay.  They argued that it was likely (though not certain) that Misch would be decided before this case and would resolve the central issue in this case; that the harm to plaintiffs arising from the delay of a stay was speculative; that moving forward with the case would cost defendants significant time and expense; and that the stay would preserve judicial and public resources.  An order granting a stay would have been within the trial court's broad discretion.

¶ 12.    However, the trial court was also within its discretion in denying the stay.  Plaintiffs asserted that their constitutional rights are being violated every day the statute remains in effect, and identified examples of financial harm to them due to the high-capacity magazine ban.  They also pointed out that there is no guarantee the Misch appeal will be finalized before the trial court resolves this case, or that the resolution of that case will definitively resolve this one.  In addition, it was not "clearly unreasonable" for the trial court to conclude that plaintiffs would be damaged as a result of the stay and that defendants had not made out a "clear case of hardship or inequity" that outweighed the harm to plaintiffs.  Woodstock Cmty. Trust, 2012 VT 87, ¶ 36 (quotation omitted).

¶ 13.    Defendants argue that they are entitled to a stay under a five-factor test articulated by the Southern District of New York.  The five factors include:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

3

<u>Kappel v. Comfort</u>, 914 F. Supp. 1056, 1058 (1996) (quotation omitted).  We have not held that Vermont courts are required to apply this five-factor test.  However, even if applied, this test would produce similar results to the balancing of interests described in <u>Woodstock Community Trust</u>. Plaintiffs have asserted interests in avoiding prolonged economic losses and constitutional harms. It was not an abuse of discretion for the court to conclude that none of the factors asserted by defendants—including litigation costs to the State and judicial economy—outweigh plaintiffs' interests.  The trial court was within its discretion to deny defendants' motion.

<u>Affirmed</u>.

BY THE COURT:

 

_____
Paul L. Reiber, Chief Justice

☒ Publish

 

_____
Beth Robinson, Associate Justice

☐ Do Not Publish

 

_____
Harold E. Eaton, Jr., Associate Justice

 

_____
Karen R. Carroll, Associate Justice

 

_____
Dennis R. Pearson, Superior Judge (Ret.), Specially Assigned