Vermont Superior Court
Filed 03/25/25
Washington Unit

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-03984

State of Vermont v. TikTok Inc.

## Opinion and Order on TikTok's Motion to Stay

Plaintiff the State of Vermont claims in this case that Defendant TikTok, Inc., which operates a popular social media platform, has violated Vermont's Consumer Protection Act (CPA), 9 V.S.A. §§ 2451–2494z, in 3 ways: "by engaging in unfair and deceptive acts and practices in commerce, including by [Count 1] designing its social media application with features that contribute to and cause compulsive and excessive use, harming the mental and physical health of all users and especially children; [Count 2] operating an unlicensed money transmitter system through its TikTok LIVE feature which financially and sexually exploits children; and [Count 3] making materially misleading statements and omissions, including about the safety of its application and its profit from in-App transactions." Complaint at 1 (filed Oct. 8, 2024).

TikTok responded with a motion to dismiss for, among other reasons, lack of both general and specific personal jurisdiction over it. On the same day, it filed a motion to stay this case pending the outcome of an interlocutory appeal taken to the Vermont Supreme Court by Instagram, LLC, and its parent Meta Platforms, Inc., (collectively, Meta) in a separate CPA suit filed by the State against Meta in the Chittenden Unit. *State v. Meta Platforms, Inc.*, 23-CV-4453 (trial court), 24-AP-295 (interlocutory appeal).

The Court takes judicial notice of the records of the *Meta* trial court and Supreme Court proceedings.

In *Meta*, the State claims that Meta "violated the [CPA] by engaging in unfair and deceptive acts and practices in commerce, including making materially misleading representations and omissions regarding: the degree to which Defendants' social media platform, Instagram, causes young people to use the platform compulsively and excessively; the risks and harms to young people of compulsive and excessive Instagram use; and the risks and harms to young people of Instagram use otherwise." *Meta* Complaint at 1 (filed Oct. 24, 2023). Meta filed a motion to dismiss arguing, among other things, that the Court lacks personal jurisdiction over it. The Chittenden Court denied the motion and specifically held that the allegations of the complaint established a *prima-facie* case for personal jurisdiction. It also denied the aspects of the motion that were not founded on lack of jurisdiction. *See State of Vermont v. Meta Platforms, Inc.*, No. 23-CV-4453, 2024 WL 3741424 (Vt. Super. Ct. July 29, 2024).

Meta then sought interlocutory review of the denial of its motion to dismiss under Vt. R. App. 5(b). Noting that the jurisdictional question as applied to the sort of contacts presented by Instagram is novel and "an unresolved issue in the courts," the Court found that there was "substantial ground for difference of opinion," Vt. R. App. P. 5(b)(1), as to issue. It also determined that an immediate appeal would materially advance the termination of the litigation. *Id.* Based on those determinations, the Court granted the motion as to personal jurisdiction. It denied the motion as to the other components of the motion to dismiss.

In the Supreme Court, Meta requested that the Court expand the scope of review to include the non-jurisdictional issues for which the trial court had denied dismissal and interlocutory review. On December 23, 2024, the Supreme Court accepted only the jurisdictional question for interlocutory review.[1] In doing so, it approved of the trial court's determination that the jurisdictional issue presented allowed for substantial difference of opinion. Vt. R. App. P. 5(B)(6)(B). Briefing in the *Meta* appeal is already underway.

The power to stay a case falls within the scope of the Court's inherent authority to manage its docket. As the Vermont Supreme Court has explained:

> A stay in this context is a "suspension of proceedings" until a specified event occurs in another case. It is in the nature of a continuance. We have held that a ruling on a motion to continue involves trial court discretion and will be overturned only if the discretion is "exercised upon grounds clearly untenable, or to an extent clearly unreasonable." As the United States Supreme Court held in the leading case of *Landis v. North American Co.*, 299 U.S. 248, 254 (1936), every court has the power "to control the disposition of the causes on its docket." But, how this best can be done "calls for the exercise of judgment" and the party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward" if there is a possibility that a stay will damage someone else.

*In re Woodstock Cmty. Tr. & Hous. Vermont PRD*, 2012 VT 87, ¶ 36, 192 Vt. 474, 492–93, *holding modified on other grounds by In re Application of Lathrop Ltd. P'ship I*, 2015 VT 49, ¶ 36, 199 Vt. 19, 38 (selected citations omitted); *see also Landis*, 299 U.S. at 254 (noting that for such a stay, it is not necessary that "the parties to the two causes must be shown to be the same and the issues identical"); *Leyva v. Certified Grocers of*

---

[1] The scope of the interlocutory appeal was uncertain when TikTok initially filed its motion. It is now clear that TikTok's request for a stay in this case pending the outcome in the *Meta* interlocutory appeal can be predicated only on the personal jurisdiction issue. The Court limits its analysis here accordingly.

*California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

As another Court has put it, "[w]here it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed.  Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citation omitted)); *see also Vermont Fed'n of Sportsmen's Clubs v. Birmingham*, 2020 VT 27, ¶ 6, 211 Vt. 657, 659 (describing similar set of factors appearing in a federal district court decision).

TikTok argues that the personal jurisdiction issue in the *Meta* appeal is fundamentally similar to the one here, and a stay would serve the interest in judicial economy and reduce the risk that TikTok is forced to litigate more than necessary in a Court that potentially lacks personal jurisdiction over it.

The State opposes any stay.  It views this case as vindicating the public good and asserts that a stay would accomplish nothing but to delay the justice that this suit ultimately promises to bring.  It maintains that there is no harm to TikTok in proceeding forthwith and that there is little chance that a decision in the *Meta* appeal on the jurisdictional question would have any impact on this case because there may be

differing evidence concerning the two entities' efforts to target Vermont populations. It further contends that, while the two claims in *Meta* are somewhat similar to two of the claims in this case, this case has a third claim (the unlicensed money transmitter claim) that is fundamentally different from anything at issue in *Meta*. In the State's view, because relevant contacts for personal jurisdiction purposes are claim-specific, this case likely would proceed regardless as to this third claim even if there proves to be no jurisdiction as to the other two claims.

The Court is persuaded that a stay of this matter pending the outcome of the *Meta* appeal makes the best sense. The fundamental jurisdictional question, generally stated, in the *Meta* appeal, as here, is how properly to characterize and analyze the sort of relevant contacts a nationally available social media platform on the internet has with Vermont in relation to traditional personal jurisdiction doctrine. There is no binding authority in Vermont on the matter; the United States Supreme Court has not resolved the question; and, elsewhere, the law is quickly evolving and the case law is in substantial conflict. One can reasonably expect that the Vermont Supreme Court's decision in the *Meta* appeal is highly likely, one way or another, to establish critical guideposts that the Court will follow in this case. The State's argument that the issue there is so narrow that it is likely to have no impact here is seriously exaggerated. The efficiency in waiting for the outcome of the *Meta* appeal is highly substantial and probable.

The State's argument that this case should proceed with urgency because a stay will cause delay further harming unwitting TikTok users does not convince the Court to the contrary. If the Court were to deny a stay and proceed to grant TikTok's motion to

dismiss on jurisdictional grounds, an appeal would be likely. If the Court were to deny the motion on jurisdictional grounds prior to the Supreme Court's *Meta* decision, a likely meritorious request for interlocutory review could reasonably be expected. Delay is highly likely at one point or the other. Moreover, what, if any, harm TikTok's platform might cause its users so far is premised solely on the State's yet unproven allegations. The Court cannot assume that those allegations will be proven true for present purposes. The Court also notes that, while this case was filed in October 2024, the State was conducting pre-suit discovery with civil investigative demands for a lengthy period prior to that filing.

Finally, the Court is cognizant that personal jurisdiction is a question of constitutional due process. While the State is quite confident that the High Court ultimately will determine that it has jurisdiction over TikTok, TikTok takes the opposing view. Proceeding to resolve that dispute in the most efficient way reduces any risk that TikTok would be required to litigate more than necessary in a Court that lacks jurisdiction over it.

Moreover, there is no indication that the *Meta* appeal will be protracted or unnecessarily drawn out. Appellant's brief was filed in early March. The Court has no reason to suspect that the appeal will proceed in anything other than a reasonably expedient manner. As a result, a stay in this case pending the outcome there will not go on for so long as to work its own prejudice on that basis.

Though there are strong contentions in support of both positions, on balance, the factors weighing in favor of a stay control the field.

<u>Conclusion</u>

For the foregoing reasons, TikTok's motion to stay this case pending the outcome of the *Meta* appeal is granted.  Exempt from the stay are proceedings related to TikTok's motion to seal and, more generally, any ongoing issues bearing on those issues.

Electronically signed on Friday, March 21, 2025, per V.R.E.F. 9(d).

Timothy B. Tomasi
Superior Court Judge